BENNET *against* The Executors of PIXLEY.

THIS was an action of covenant. The declaration stated, that the testator, on 22d *February*, 1802, at *Che-*

Where mutual covenants go only to a part of the consideration, and a breach of that part may be paid for in damages, the defendant cannot set it up as a condition precedent; but the covenants in such case are regarded as independent.

In an action of covenant, the plaintiff declared, that in consideration of 400 dollars paid to the defendant, he promised and agreed to convey, on the 1st *December*, 1802, to the plaintiff, a certain lot of land lying in *N.* the same to be appraised by *A.* and *B.*; and if appraised at more than 400 dollars, the plaintiff was to pay to the defendant the surplus; and if at less than that sum, so much was to be deducted, &c. and averred that he was ready to receive a deed; but the defendant did not convey, &c. On demurrer, the declaration was held good.

NEW-YORK,
Nov. 1810.

BENNET
v.
Executors of
PIXLEY.

*nango*, &c. by his certain writing obligatory, sealed, &c. pro-
mised and agreed with plaintiff, in consideration of 400
dollars to him paid, to convey to the plaintiff, on or before
the 1st day of *December* then next, one certain lot of land
lying in *Nanticoke*, the same to be appraised by *G. Storer* and
*Elijah Higbe;* and if said lot of land should be appraised
over the sum of 400 dollars, &c. same was to be made up
to the testator, and if it was appraised under 400 dollars,
the sum which it fell short was to be deducted out of certain
notes given by *Lombard* and *Jones.* The plaintiff averred, that
he was ever ready to receive a deed of said lot, until the
1st day of *December* was past, and that the testator did not
deed or convey to him the said lot, and that the testator
was in full life until after the 1st *December*, and so the tes-
tator broke his covenant, &c. To this declaration there was
a general demurrer and joinder.

*Van Vechten*, in support of the demurrer.

*Sedgwick*, contra.

*Per Curiam.* The two principal objections to the decla-
ration in this case are, 1. That the plaintiff has not aver-
red that the lands were appraised, or that he was ready to
pay the overplus moneys (if any) upon such appraisement;
2. That the land is not described with the requisite cer-
tainty.

There does not appear to be sufficient weight in either of
these objections.

1. Assuming that there was a covenant on the part of the
plaintiff, to pay for the amount of the appraisement beyond
the 400 dollars, yet it only went to *a part* of the considera-
tion, and the rule is settled, that where mutual covenants
go only to a part of the consideration, and a breach of that
part may be paid for in damages, the defendant shall not
set it up as a condition precedent. The covenants in such
case are to be regarded as independent. (*Boone* v. *Eyre*,

1 *H. Black*. 273. n. *Campbell* v. *Jones*, 6 *Term Rep*. 570. 1 *Saund*. 320. n. (*c*).) The damages sustained would be very unequal if the covenant of the plaintiff was held to be a condition precedent. He in the mean time loses his 400 dollars, and the testator might not lose any thing. The plaintiff had in part (at least) *executed* the bargain, by paying the 400 dollars, and the testator ought not to keep that sum without conveying the land, because, that *possibly* there may be a surplus to receive, and he may sustain some damage by the plaintiff not tendering that surplus. This would be unjust. He is bound to convey, and he may then resort to his action, if a surplus should be found to exist upon the appraisement.

2. The testator covenanted to convey " one certain lot of land lying in *Nanticoke*," and he has received what was presumed at the time to be the full consideration. It cannot surely lie in his mouth to say that he cannot convey because of uncertainty in the description. The grant would be good by the description in the covenant; and the grantee could render it effectual by averment, as to the certainty of the place and of the lot; *id certum est quod certum reddi potest*.

Judgment must, therefore, be rendered for the plaintiff.