## ALPHEUS BEAN *vs.* BARKER BURBANK.

A contract in writing to convey lands, at a fixed price, and within a stated time, on the payment of a certain sum, where nothing was paid or agreed to be paid by the other party to obtain such contract, is void for want of consideration.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

The action was assumpsit, on a written instrument, of which a copy follows. " *Shelburne, April* 9, 1835. I hereby agree to give *Mr. Alpheus Bean,* a good and sufficient deed of six thousand acres of the common and undivided land in the town of *Shelburne,* county of *Coos,* in the State of *N. H.,* provided he, the said *Bean,* shall give me satisfactory security for the same at twenty cents per acre, one fourth part down, and the remainder in three annual payments with interest annually ; this refusal not to run beyond sixty days from date, and this refusal shall be null and void after that time. *Barker Burbank.*"

The plaintiff's counsel in opening the cause to the jury, stated, that among other things, he should prove, that this action was commenced for the benefit of certain individuals, who, in a few days after the date of said agreement, purchased *Bean's* interest therein, took an assignment thereof, and paid therefor the sum of twelve hundred dollars ; and that they, before the expiration of the term of sixty days therein mentioned, tendered to the said *Burbank,* the sum of twelve hundred dollars in specie, and also tendered him one fourth part of said sum in cash, and satisfactory security for the remaining three quarters, payable in accordance with the terms of said agreement, neither of which said offers was accepted, but each of them was refused, and that the said *Burbank* refused to give a deed, and assigned as a reason, that it was not in his power to do it. The plaintiff then offered to read to the jury, the agreement declared on. Whereupon the defendant's counsel objected, that the contract or agreement offered in evidence was " *nudum pactum,* and void for want of consideration." And the Judge who presided ruled accordingly and directed a nonsuit, to which the plaintiff excepted.

*Codman,* for the plaintiff, contended, that the nonsuit was erroneously ordered, and cited *Jacob's Law Dic. Consideration ; stat.* 1821, *c.* 53, *sec.* 1 ; *stat.* 1829, *c.* 431 ; 3 *Burrow,* 1663 ; 1 *Dane, c.* 1, *art.* 46, *sec.* 1, 2, 3, 4 ; *Stanley* v. *Bruns. Hotel Cor.* 13 *Maine R.* 51 ; *Atwood* v. *Cobb,* 16 *Mass. R.* 227 ; *Getchell* v. *Jewett,* 4 *Greenl.* 350; *Barstow* v. *Gray,* 3 *Greenl.* 409 ; *Barrell* v. *Trussell,* 4 *Taunt.* 117 ; *Williams College* v. *Danforth,* 12 *Pick.* 541 ; *Coggs* v. *Barnard,* 2 *Ld. Raym.* 909 ; 5 *T. R.* 150 ; 1 *Powell on Con.* 207.

*Preble* and *Deblois* argued in support of the ruling of the Judge at the trial; and cited *Wilson* v. *Clements,* 3 *Mass. R.* 1; 1 *Saund.* 210, *and note;* 2 *Saund.* 13, *and note;* Cro. *Eliz.* 126; 7 *T. R.* 346, *in note;* 4 *Johns. R.* 280; *Powell on Con.* 331, 355; 1 *Com. on Con.* 13; 10 *Johns. R.* 246; 2 *Johns. R.* 442; 5 *Johns. R.* 272; *Mills* v. *Wyman,* 3 *Pick.* 207; *Parish* v. *Stone,* 14 *Pick.* 198; *Hill* v. *Buckminster,* 5 *Pick.* 391; *Bowers* v. *Hurd,* 10 *Mass. R.* 427; *Cabot* v. *Haskins,* 3 *Pick.* 83; *Yelv.* 134; 12 *Johns. R.* 90; *ib.* 397; *Cooke* v. *Oxley,* 3 *T. R.* 654.

The opinion of the Court was by

WESTON C. J. — The agreement upon which the plaintiff declares, was a contract for the sale of lands, of which a memorandum having been made in writing, and signed by the party, sought to be charged, there was a sufficient compliance with the requirements of the statute of frauds. But the common law requires, that such an agreement, to be binding, must have been made upon sufficient consideration. Such consideration need not be recited or set forth in the instrument, but it must exist in fact, proof of which is essential to its legal enforcement. *Packard* v. *Richardson & als.,* 17 *Mass. R.* 122.

The counsel for the plaintiff insists, that the proof offered by him, was evidence of a sufficient consideration; and he has cited a number of cases to support this position, some of which will be noticed. In *Pillans & al.* v. *Van Mierop & al.,* 3 *Burrow,* 1663, *Wilmot J.* assumes, that the defendants, when they promised to accept the bill in question, did so, upon the strength of funds in their hands. And if this had been true in point of fact, it would doubtless have been a good consideration. In *Stanley* v. *The Hotel Corporation,* 13 *Maine R.* 51, the question of consideration was not raised, but whether the contract was completed, or rested merely in proposition. There was evidence however of certain stipulations of the plaintiff, which the jury must have found. The consideration in *Barrell* v. *Trussell,* 4 *Taunton,* 116, was a forbearance of the plaintiff, at the request of the defendant, to sell certain goods, which was a damage to the plaintiff. In *Barstow* v. *Gray,* 3 *Geeenl.* 409, the consideration was, the actual pur-

chase of wheat, upon the offer of the defendant, which was accepted by the plaintiff, and the transportation of the same from *Hallowell* to *Boston*, according to the terms of the offer. The promise in *Getchell* v. *Jewett*, 4 *Greenl.* 350, was based upon the actual conveyance of certain property by the plaintiff to the defendant. In *Williams College* v. *Danforth*, 12 *Pick.* 541, the plaintiffs became bound, by an assent to the terms of the agreement, by a formal vote entered upon their records. And in *Atwood* v. *Cobb*, 16 *Mass. R.* 227, there was parol evidence, that the plaintiff had agreed to buy, what the defendant had agreed to sell.

When the promise declared on was made, there was no consideration moving from the plaintiff. He was not bound, nor did he sustain any damage. If the defendant was bound, he was not only holden to sell for a certain price, but he was deprived for sixty days of the right to sell to others ; and this without any stipulation whatever on the part of the plaintiff. It was a contract all on one side, without mutuality, quite as much so as that of *Cooke* v. *Oxley*, 3 *T. R.* 654, which failed upon this objection.

*Exceptions overruled.*