## AMOS M. ROBERTS *versus* GEORGE F. MARSTON.

If a party accepts of an agreement from which he is to derive a benefit, when he shall have performed an act on or before a certain day ; such acceptance is equivalent to an affirmative agreement on his part to perform the act by the time stated.

Where an estate was conveyed, and the grantee agreed in writing to allow the grantor a certain sum, less than the consideration money, when he should have removed certain incumbrances upon the estate, such removal to take place on or before a certain day; and where the incumbrances were removed by the grantor, but not within the time stipulated, no notice having been given, in the meantime, by the grantee that he elected to repudiate the contract; *it was held :* —

That performance at the time, the incumbrances not being to the amount of the consideration, was not to be regarded as a condition precedent.

That the grantee should be placed, by compensation, in the same condition, as if the other party had removed the incumbrances at the time fixed.

And that if the grantee had suffered damage from the delay of the grantor, it should be deducted from the price agreed to be allowed.

ASSUMPSIT on several notes of hand, amounting in the whole to $5500, all given in 1835, the action having been commenced Jan. 27, 1837. The defendant introduced in evidence a receipt from the plaintiff to him in these terms, " Bangor, Dec. 20, 1836. Received of George F. Marston this day a warranty deed of two parcels of land situated on Union Street, for which I do agree and promise to pay or allow him the sum of four thousand dollars, with interest from this date, on the demands I now hold against him, when he shall have cleared the incumbrances now on said deeded property abovementioned, which incumbrances are to be cleared by him, on or before the first day of July next." The incumbrances referred to in the receipt were removed on Nov. 3, 1838, of which the plaintiff had notice within two days. On Oct. 13, 1838, the plaintiff executed to the defendant a deed of release of the land referred to in the receipt, and on the trial offered the same to the defendant, who refused to receive it.

At the trial before WESTON C. J. the counsel for the plain-

tiff insisted, that as the incumbrances were not removed by the time limited in the receipt, it afforded no matter of set-off whatever. The Chief Justice ruled that the defendant, by his acceptance of the receipt, had stipulated to remove the incumbrances by the time stated; that if on July 2, 1837, when that time had passed, the plaintiff had notified the defendant that he considered that he was no longer bound by his agreement expressed in the receipt, and had then tendered to the defendant a release of the land conveyed to him, the defendant would in that case not have been entitled to be allowed any thing in offset on that account. But that this not having been done at the time, the jury would allow in offset such sum as the defendant was equitably entitled to, making such deduction from the $4000, expressed in the receipt, as a change in the value of the property might render just and proper. The jury did not agree; and by agreement of the parties, it was submitted to the decision of the Court, whether the defendant is, or is not, to be allowed any thing on account of the receipt, connected with the discharge of the incumbrances by the defendant after the time appointed.

*Rogers* argued for the plaintiff; and

*M'Crillis,* for the defendants, citing 1 Saund, 320, note; 3 Wend. 360; 5 Wend. 496; 1 H. Bl. 275; 10 East, 295; 3 Bing. N. C. 257; 5 Serg. & R. 323; 7 Greenl. 394; 6 Vt. R. 448; 6 Hammond, 171; 17 Johns. 437.

The opinion of the Court was by

Weston C. J. — The plaintiff has received of the defendant a deed of warranty of certain real estate, for which it appears, by his receipt of December 20, 1836, he was to allow him four thousand dollars, when he shall have cleared the incumbrances on the property. The defendant has removed the incumbrances; and his right to be allowed the stipulated sum would be perfect, but for a clause added to the receipt, which is in these words, " which incumbrances are to be removed by him, on or before the first day of July next.

The incumbrances were not removed on that day, nor until more than a year afterwards. And the argument is, on the part of the plaintiff, that by reason of the failure of the defendant to cause this to be done at the time appointed, he has now no claim to any allowance whatever, by way of offset. This construction would give to the clause, under consideration, the force of a condition precedent. No direct language is used, expressive of such a condition, nor is it deducible by necessary implication. The incumbrance was less than the stipulated price; and it would be unreasonable to subject the defendant to the hazard of a forfeiture of the estate, if he did not remove it at the time, unless such is the plain meaning of the terms used.

Although the plaintiff was secured by the covenant in the deed, yet without the latter clause in the receipt, no definite time was fixed, within which the business was to be closed. The defendant, by accepting the receipt, must be deemed to have assented to the stipulation. It is equivalent to an affirmative agreement on his part to that effect. It does not go to the whole consideration, and for that reason, should not be regarded as a condition precedent. *Duke of St. Albans* v. *Shore,* Douglas, 690, note; *Boone* v. *Eyre,* 1 H. Blackstone, 275, note; *Bennet* v. *Executors of Pixley,* 7 Johns. 249.

So far as the plaintiff has suffered damage from the delinquency of the defendant, he has a right to have it deducted from the price he agreed to give. He should be placed, by compensation, in the same condition, as if the defendant had fulfilled the stipulation. The jury were not able to agree before; and the matter is not so easily liquidated in a trial at law. Unless however the parties can arrange it between themselves, or by a submission to a reference, the action must stand for trial.