#### FOR THE

### COUNTY OF FRANKLIN.

#### JANUARY TERM, 1849.

PRESENT.

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD,
HON. DANIEL KELLOGG, } ASSISTANT JUDGES.
HON. HILAND HALL,

### ROBERT KEENAN *v.* JOHN BROWN.

The defendant contracted to convey in his boat two loads of wood for the plaintiff to Port Henry, at a specified price per cord; and it was agreed, that if the defendant could not get out of the creek, by which the wood lay, with a full load, the plaintiff was to complete his load at a certain wharf. And it was held, that the failure of the plaintiff to complete the defendant's first load at the wharf, as agreed, thereby compelling the defendant to sail to Port Henry with two thirds of a load, did not absolve the defendant from his obligation to convey the second load, or at least so much of it, as he could carry out of the creek; but that the defendant must perform, within the time agreed upon, so much of the contract as he could, and have recourse to his remedy against the plaintiff for the breach of contract in not furnishing full loads.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts in substance as follows.

The plaintiff agreed to convey in his boat a load of lumber for the defendant to Whitehall, at $1,12 for each one hundred pieces; and the defendant agreed to convey in his boat to Port Henry, for the plaintiff, two loads of wood belonging to Gardner Green, at eighty cents per cord,—which wood the plaintiff was then under contract to convey to Port Henry for Green. The difference in the amount of freight was to be paid in cash. And it was agreed, that if the defendant could not get out of the creek, called "Dead Creek," by which the wood lay, with a full load, the plaintiff would complete his load at Keyes' wharf. The plaintiff delivered the load of lumber at Whitehall, as agreed. The defendant went for a load of the wood, but could get out of the creek, by which the wood lay, with only two thirds of a load; and there were no means, by which he could complete his load at the creek; and there was no wood for him upon Keyes' wharf,—although Green had wood near by, and had agreed with one Averill to draw wood upon the wharf, when called for; but of this agreement the defendant was ignorant. The defendant, after giving reasonable notice to the plaintiff to complete his load at Keyes' wharf, and upon the plaintiff's neglecting to do so, sailed with the wood, which he had taken from the creek. After the defendant had conveyed this load of wood to Port Henry, he sold his boat to one Belor, reserving the right to use it for conveying one load of wood, for suitable compensation; and the boat was afterwards loaded with wood at Alburgh, and was proceeding on her way therewith, when the writ in this suit was served. Some time after the service the plaintiff transferred his interest in the suit to Green; and the defendant afterwards offered to Green, that he would pro- cure Belor to convey another load of wood upon the contract; but Green declined to accept the offer. The defendant then hired Belor to convey another load of wood with the boat, upon the contract, and Belor accordingly went with his boat, and offered to Green, that he would then convey another load of wood upon the contract; but Green declined permitting him to do so. The defendant never had any notice, other than can be inferred from the contract above stated, from either Green or the plaintiff, to take the second load, or that a full load could be had, after he had conveyed the first load; but the plaintiff was always ready and willing, upon notice, previous to the commencement of this suit, to have furnished the second

load, upon the contract.   The defendant could, with reasonable diligence upon his part, have taken the second load of wood from the creek, with his boat, previous to the commencement of this suit ; and the suit was commenced on account of his neglect to do so.

All objection to the charges made, as being improper in this form of action, having been waived, the auditor allowed the plaintiff's charge for the lumber conveyed by him to Whitehall, at the price agreed upon, and allowed the defendant's charge for the load of wood conveyed by him to Port Henry, at the price agreed upon, and also allowed to the defendant $6.00, as the damage sustained by him by reason of his not having been furnished with a full load, and disallowed the defendant's charge for the expense of sending Belor for the second load of wood, after this suit had been commenced,— making a balance in favor of the plaintiff, as allowed by the auditor, of $9.10.

The county court, September Term, 1848,—Royce, Ch. J., presiding,—accepted the report and rendered judgment for the plaintiff for the amount found due by the auditor.   Exceptions by defendant.

*N. L. Whittemore* for defendant.

*H. R. Beardsley* for plaintiff.

The opinion of the court was delivered by

Hall, J.   The defence rests on the assumption, that the performance of the plaintiff's promise to furnish wood on Keyes' wharf to complete the first load was a condition precedent to the performance of the promise of the defendant to go after the second load ; or, in other words, that the breach of the plaintiff's contract, to furnish the wood on the wharf to complete the first load, absolved the defendant from any obligation to undertake the farther performance of it on his part.   We do not take this view of the case. The plaintiff's engagement did not go to the whole consideration or matter to be done by the defendant.   He could transport the principal portion of the wood, if the plaintiff failed to perform on his side.   The plaintiff's performance in regard to each load was also to be subsequent, in point of time, to that of the defendant.

Keenan *v.* Brown.

The defendant was to get out of Dead Creek with at least a part of a load, before the plaintiff was to furnish the wood on Keyes' wharf. For both reasons the performance of the plaintiff's part of the contract would not be a condition precedent to the defendant's liability to transport even the first load. The defendant, under the contract, must take so much wood, as he could carry out of the creek; and if the plaintiff failed to furnish wood on the wharf to complete a full load, he must transport such as he had obtained, and have his remedy in damages against the plaintiff for his breach of the contract.

There is still less reason for holding, that the failure of the plaintiff, in regard to the first load, excused the defendant from going after the second. He could not know, that the plaintiff would fail to perform his engagement ·in. regard to the second load. The defendant's contract was to transport immediately two loads of wood, and he should have done all in his power to perform it. If the plaintiff failed on his part, the defendant would have his remedy in damages. The defendant might have provided in the contract, that he should not be bound to take either load of wood from the creek, until he could ascertain that there was wood on the wharf to complete his loads. But he did not do so. Upon any legal rules of construction, he must be held to have relied upon the plaintiff's engagement, that it should be there, and to have assented to look to him for damages, in case of his failure to have it there. 2 Smith's Leading Cases 12, 13.

Upon the facts reported by the auditor, we think he took a right view of the case in all respects; and the judgment of the county court, in accepting his report, is therefore affirmed.