## LESTER *vs.* JEWETT.

The plaintiff declared upon the following instrument, executed by the defend-
ant, alone: "For value received I agree, at the expiration of one year from
this date, to purchase thirty shares of the capital stock of the Southern
Life Insurance and Trust Company, of R. L., [the plaintiff,] for the sum of
$3000. Dated September 6, 1839." *Held*, that the agreement on the part
of the defendant, to purchase, was void for want of mutuality; there be-
ing no corresponding obligation on the plaintiff, to sell.
*Held also*, that no action could be maintained upon the instrument, by the
plaintiff, without averring a tender of performance by him.

DEMURRER to declaration. The first count of the declara-
tion alledged that the defendant, on the 6th of September, 1839,
made his certain instrument in writing, of that date, subscribed
by him, and then and there delivered to the plaintiff, by which
the defendant, for value received, agreed, at the expiration of
one year from the date of the instrument, to purchase of the
plaintiff for the sum of $3000, thirty shares of the capital stock
of the Southern Life Insurance and Trust Company. The plain-
tiff then alledged that the time for performance had elapsed; a
readiness by him to sell and transfer the stock; and a refusal
by the defendant to purchase the same. The second count al-
ledged that on the 6th of September, 1839, the plaintiff being
the owner and holder of thirty shares of the capital stock of
the Southern Life Insurance and Trust Company, the defendant,
in consideration of the premises, and of a valuable consideration
then and there received of the plaintiff, made and subscribed an
instrument in writing, in the following words: "For value re-
ceived I agree, at the expiration of one year from this date, to
purchase thirty shares of the capital stock of the Southern
Life Insurance and Trust Company, of Ralph Lester, of the
city of Rochester, for the sum of three thousand dollars. Dated
September 6, 1839." The plaintiff then averred a readiness
and willingness to sell and transfer the stock, and a neglect and
refusal by the defendant to purchase the same. The other counts
of the declaration were similar in form. The third averred a
general readiness on the part of the plaintiff to perform, and
that at the expiration of one year from the date of the instru-

ment in writing, to wit, on the 7th of September, 1840, he offered to sell and transfer the stock to the defendant for the sum aforesaid : and a refusal by the defendant.

The defendant demurred to the declaration generally, and assigned the following causes of demurrer to each count. 1. That the plaintiff did not state in said count any consideration for the promise of the defendant set forth therein. 2. That the plaintiff did not state in said count what constituted the consideration for the promise set forth in said count. 3. That the plaintiff did not state in said count that at the time of making the said promise on the part of the defendant, he, the said plaintiff, was the owner of the stock mentioned in said count. 4. That it was not stated in said count, that the plaintiff, at the time of making the said promise on the part of the defendant, promised or agreed to sell the said stock to the defendant on the terms mentioned in said contract. 5. That it was not stated in said count that the plaintiff, at the expiration of one year from the date of the instrument in writing, mentioned in said count, tendered to the defendant, or offered to sell or transfer to him, the said thirty shares of stock in the said count mentioned. 6. That it was not stated in said count, that the plaintiff at any time before the commencement of this suit, tendered to the defendant, or offered to sell or transfer to him, the said thirty shares of stock in the said count mentioned.

*S. Matthews*, for the plaintiff. I. A sufficient consideration for the agreement set forth in the declaration is stated. The words for value received, import a sufficient consideration. II. The plaintiff was not bound to tender the stock to the defendant. It is sufficient to aver in the declaration that he was ready and willing to assign. It was the duty of the defendant to seek the plaintiff and perform. III. It was not necessary to aver that the plaintiff was owner of the stock at the time of the contract, if it was necessary that he should in fact be the owner. That will be presumed, until the contrary appears. The foregoing points apply more particularly to the first count. The second count avers that the plaintiff was owner of the stock at the time

of the contract. The third count avers a tender of the stock af-
ter the expiration of the year. The fourth and fifth counts are
like the first and second, except only in the statement of the
date of the instrument declared on.

*S. B. Jewett*, defendant in person. The counts, except the
third, are bad, because there is no averment that the plaintiff
tendered, or offered to transfer the stock to the defendant. (*Da-
kin* v. *Williams*, 11 *Wend*. 90. *Johnson* v. *Reed*, 9 *Mass. R.*
81. *Payne* v. *Lansing*, 2 *Wend*. 525. *Pordage* v. *Cole*, 1
*Saund*. 319, and notes. *Bank of Columbia* v. *Hagner*, 1 *Pe-
ters*, 464, 465. *Dana* v. *King*, 2 *Pick* 156. 1 *Chitty's Pl.*
312, *Springf. ed.* 1844. *Tompkins* v. *Elliot*, 5 *Wend*. 498.)
II. The third count is also defective. Because, (1.) The con-
sideration of the defendant's promise is not set forth. (1 *Chit-
ty's Pl.* 293. 6 *Cowen*, 151. 1 *Hall*, 201. 1 *Com. Dig.* 334.
*Action on the case upon assumpsit, H.* 3. *Wickliff* v. *Hill*,
4 *Bibb*, 269.) (2.) It is not shown that the plaintiff tendered
an assignment of the stock to the defendant. (3.) The offer to
transfer was not made in season. The year expired on the 5th
or 6th of September, as the day of making the contract is count-
ed or excluded. (4 *Vesey*, 689, n. (*b.*) *Lloyd* v. *Collett*, 1 *Pe-
ters*, 464, 465. *Strange*, 458, 533, 577, 579. 1 *R. S.* 710, § 6.)
(4.) The count does not alledge that the plaintiff held the cer-
tificate of stock, or was " entitled in his own right," or " author-
ized by some person so entitled" to sell, &c. (1 *R. S.* 710,
§ 6.) These objections equally apply to all the other counts.
III. The counts are all bad, because they do not alledge that
any promise was made *to the plaintiff.* (1 *Chitty's Pl.* 300,
301.) It by no means follows from the delivery of the writing
to him, that the promise was to him. *Candler* v. *Rossiter*, 10
*Wend*. 487.) The 2d, 3d and 5th counts contain the allega-
tion that the consideration was received from the plaintiff. This
fact, if proved, might be sufficient *to sustain an allegation*, that
the promise was made to the plaintiff, *but does not excuse its
omission.* Besides, if that ground is relied on, the specific con-
sideration should be set out. It is not sufficient to say, that

Lester *v.* Jewett.

" for a valuable consideration received of the plaintiff," the de-fendant promised, without showing what the consideration was. An assignment was necessary and should have been tendered.

*By the Court,* JOHNSON, J.   I think this undertaking as set out in the declaration, signed by the defendant only, is void for want of mutuality.   The agreement on the part of the defend-ant to purchase, rests on the corresponding obligation of the plaintiff to sell, and there is no averment that the plaintiff ever agreed to· sell.   Where the promise of one party is the consid-eration of the promise of the other, the promises must be con-current and obligatory on both parties at the same time.   If one party never bound himself to do that which forms the consider-ation for the promise of the other, so as to give the other a right of action against him in case of his refusal to perform, the con-tract is void.   Both must be bound, or neither will be.   (*Chit. on Cont. Am. ed.* 1842, 15.   *Tucker* v. *Woods,* 12 *John.* 190. *Keep* v. *Goodrich, Id.* 397.   *Livingston* v. *Rogers* 1 *Caines,* 583.)   How was the plaintiff bound to sell the stock to the de-fendant ?   He was no party to the writing, and his parol promise, or the implied promise, from his acceptance of the undertaking of the defendant, was void by the statute of frauds.   The lan-guage of the statute is that " every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void unless a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby."   Several cases were cited by the plaintiff's counsel, to show that the obligation on the part of the plaintiff to sell, was implied from his acceptance of the defendant's prom-ise, and it was insisted that this created an obligation on his part.   The case of *Barton* v. *McLean,* (5 *Hill,* 256,) and also *Hubbard and others, ex'rs.* v. *Coolidge,* (1 *Metcalf,* 84,) cited upon the argument, are cases where the contract was signed by both parties, and the word *agreed* in the covenant or undertak-ing of one party, was regarded as the word of both parties.   In every case I have examined on this point, except *Roberts* v. *Marston,* (20 *Maine Rep.* 275,) the contract has been signed by

both parties, and the question arose upon some undertaking in the instrument thus signed, apparently on one side only. If there are any cases which hold that a party is bound who has not agreed in writing subscribed by him, they are certainly in direct conflict with the statute of frauds, and ought not to be upheld. In the case of *Roberts* v. *Marston*, the question of mutuality was not raised or noticed. The principal question in that case was whether the receipt and stipulation were in the nature of a condition precedent, so that the other party was obliged to perform by the day, in order to be entitled to the price mentioned in the receipt. The court held it was not; and in passing upon this, they say that the other party, by accepting the receipt, must be deemed to have assented to the stipulation. But they do not undertake to decide that it was valid against him within the statute of frauds.

Another ground of demurrer is that there is no allegation in the declaration, of a tender of the stock, or an offer to perform on the part of the plaintiff. In all the counts except the third, the averment is that the plaintiff was ready and willing to sell and transfer. This objection assumes that the agreement on the part of the plaintiff to sell and transfer was concurrent and mutual with that of the defendant to purchase; as it clearly would have been had the plaintiff been bound at all. It is now well settled that where the covenants or undertakings between the parties are mutual, and both parties are to perform at the same time, the party seeking to recover, must aver and show a performance, or an offer to perform, on his part. An averment of readiness is not sufficient. (*Williams* v. *Healey*, 3 *Denio*, 363. *Johnson* v. *Wygant*, 11 *Wend.* 48. *Parker* v. *Parmale*, 20 *John.* 130.) In *Williams* v. *Healey*, Jewett, justice, in delivering the opinion of the court, says, in regard to mutual conditions in agreements to be performed at the same time, "it has often been said to be sufficient for the plaintiff to aver a readiness to perform his part of the contract, and a neglect or refusal of the defendant to perform his part," and he cites several authorities to that effect, and then says, "It is now settled that a mere readiness to perform, in such case, is not sufficient; but the plaintiff must aver

Lester *v.* Jewett.

a tender of performance on his part." The rule is laid down to the same effect precisely, in *Pordage* v. *Cole*, (1 *Saund.* 320, *n.* 4, *subd.* 5,) where two acts are to be done at the same time, and it is uncertain which party is obliged to do the first act. I am satisfied that this has always been the rule, notwithstanding the cases and precedents the other way. In all such cases, the party wishing to place the other in default, must offer to perform himself. It is clear, I think, in this case, that if the plaintiff was bound at all, he was bound to sell at the same time the defendant was bound to purchase, and it is altogether uncertain who was to do the first act. Either party might tender performance and put the other in default if he refused. The cases of *Topping* v. *Root*, (5 *Cowen*, 404,) and *Porter* v. *Rose*, (12 *John*. 209,) are cases where the seller agreed to deliver articles at a particular place, and the action was by the buyer, for not delivering according to the contract. In such cases, perhaps, it would still be sufficient for the buyer to aver that he was at the place of delivery, ready and willing to receive and pay, and that the other party neglected or refused to deliver. The act of delivering at the place might well be said to be the first act, and the other party would be bound to be in readiness to perform at that place, and tender performance only in case of delivery there.

The third count avers an offer to perform after the expiration of the year. This is clearly bad. The declaration is insufficient on the grounds, 1. That it does not aver a corresponding agreement on the part of the plaintiff to sell ; and 2. That it does not aver a tender of performance by the plaintiff.

Judgment for the defendant, with leave to the plaintiff to amend on payment of costs.

[MONROE GENERAL TERM, November 5, 1849. *Welles*, *Selden* and *Johnson*, Justices.]