## WALLACE v. ANTRIM SHOVEL COMPANY.

In a contract for services for buying stock and selling goods, to be paid for by a commission on the sales, it was stipulated that in case of the violation by either party of any of his agreements, the other party, at his election, should, from the date of such violation, be entirely free from all obligations on his part. In an action to recover commissions on sales made for the defendants;—*Held,* that the failure to perform some stipulation of the plaintiff was not a valid defense; unless such stipulation was in the nature of a condition precedent, or the defendant had seasonably rescinded the contract on account of such failure.

Where the stipulation which the plaintiff fails to perform is but part of the consideration for the defendant's agreement, and is of such a nature that it may be compensated in damages, it will be regarded as independent and not as a condition precedent.

ASSUMPSIT upon a written contract between the parties, with general counts for labor and services, and money had and received. By the agreement between the parties the plaintiff was made the agent of the defendant, to sell the goods manufactured by it; and the plaintiff, in consideration of the agreements of the defendant,

522                WALLACE v. COMPANY.                [Belknap,

agreed to devote and give his time and attention, so far as might be necessary, to the introduction and sale of such goods; to settle accounts with purchasers, when requested, and, when requested in writing, to purchase stock and materials for the manufacture, and to render a weekly account of sales made by him and of all moneys received and expended by or on account of the corporation; and also to pay all ordinary traveling and' office expenses attending such sales, not including expenses for transporting, storing, warehousing, and insuring of such goods.

And the plaintiff further agreed to take, or cause to be taken and paid for, eighty shares of the capital stock of the corporation at par; and it was further stipulated that, for the services to be rendered by the plaintiff, as well as in consideration of the other agreements therein made by him, the plaintiff should receive, in full for the same, five per cent on the amount of all sales, whether for cash or on time, of the goods manufactured by the defendant, whether such sales were made by the plaintiff or some other agent of the defendant; to be paid quarterly, commencing October 1, 1857, and continuing for five years from July 1, 1857; with this further provision that "for the faithful performance of the foregoing agreements it is mutually understood and agreed that either party, in case of any violation of them, or either of them by the other, shall, at its or his election, from and after the date of such violation, be entirely free from all obligations contained in the agreements herein on its or his part to be performed."

The suit was brought on this agreement, to recover the commissions upon a lot of shovels sold by the defendant to Messrs. Treadwell & Co., October 8, 1860, together with all its other property; and the defendant pleaded the general issue, with a brief statement that the plaintiff had not kept or performed the contract on his part, and therefore could not recover upon the same; and also filed a set-off under the general counts for money had and received, &c.

The court instructed the jury that the plaintiff must have performed the contract on his part in order to be able to enforce it against the defendant; but if they found that he had broken it himself, he could not, after that, recover damages of the defendant for a breach of the same contract; and further instructed them that if the plaintiff, while acting under this contract, had undertaken also to act as agent of Stearns & Co. in the sale of stoves upon commission, and had, as agent of both parties, made an exchange of such stoves for the shovels of the defendant, under an arrangement by which he was to get a commission from both sides, which he intended to receive without any knowledge on the part of the defendant of the agency for Stearns & Co., the act would be in bad faith toward the defendant, fraudulent, and contrary to sound policy, and would be a breach by the plaintiff of his contract; and so if he bought iron in England for and by order of the defendant, but in his own name, and then sold it afterward to the defendant for a profit, intentionally, that also would be a breach of his contract.

To these instructions the plaintiff excepted, and the jury, having

returned a verdict for the defendant, the plaintiff moves for a new trial, for error in such instructions.

*I. A. Eastman*, for the plaintiff.

*George, Foster & Sanborn*, and *Blood*, for the defendant.

BELLOWS, J.   Whether acts like these could be regarded strictly as breaches of the contract or not, we think the court erred in charging the jury that if they found that the plaintiff had broken the contract he could not recover, unless the covenant he had broken was a condition precedent; or unless the defendant had elected to rescind the contract for the violation of it by the plaintiff.

But nothing appears in the case to show such rescission, unless it be the brief statement, and that can hardly be considered seasonable.

The instructions, however, were not put upon that ground, and are entirely consistent with the assumption that no such election had been exercised as the contract provides.   The correctness of the instructions must then be tested upon grounds wholly independent of a rescission of the contract.   Where that right exists, as it does when one party altogether neglects or refuses to perform an essential part of an entire contract; *Luey* v. *Bundy*, 9 N. H. 303; or where such right is expressly stipulated in the contract, as in the case before us, it must be exercised in a reasonable time, or it will be deemed to be waived.   *Webb* v. *Stone*, 24 N. H. 282–288, and cases cited; Chitty on Con. 641, and notes; *Drew* v. *Claggett*, 39 N. H. 431;  *Cook* v. *Gilman*, 34 N. H. 556.

The stipulation in this case which provides for a discharge of either party, if he so elect, from the obligations of the contract, in case of any violation by the other, merely operates to enlarge the right of rescission, so as to embrace the case of a failure to perform some portion of the contract not otherwise regarded as an essential part of one entire act.   At the same time we are not prepared to say that the parties might not so bind themselves that neither could recover without showing a performance by himself of every engagement made by him, as is intimated in *Britton* v. *Turner*, 6 N. H. 493; but to justify a construction that should enable a party to hold the fruits of a contract without compensation, upon the ground that the other party had failed to perform some unessential stipulation, which might well be compensated in damages, would, to say the least, require language much more explicit than is found in this contract.

The only question, then, is, whether the matters embraced in these instructions stand upon the footing of conditions precedent.

If it were to be assumed that an implied obligation to serve the corporation faithfully stands upon the same ground as an express promise, we should still be inclined to hold that in this instance it has not the character of a condition precedent, so that a breach of it would preclude the plaintiff's right of recovery.

The doctrine upon this subject is well stated by Mr. *Williams*, in note 4 to *Portage* v. *Cole*, 1 Saund. 320, in these words:   "Where

a covenant goes only to a part of the consideration on both sides, and a breach of it may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration." And the reason assigned is, that, having received a part of the consideration for which he entered into the agreement, it would be unjust that, because he has not had the whole, he should therefore be permitted to enjoy that part without either paying or doing any thing for it.

This statement of the law is generally followed by the best elementary writers; among them are 1 Chitty Pl. (10th Am. ed.) 323; 2 Smith L. C. 25, note to *Cutter* v. *Powell,* and cases cited. The rule is there stated to be, that if the plaintiff's covenants which form the consideration be dependent, yet if part of the consideration has been accepted and enjoyed by the defendant, and the plaintiff have no other remedy than on the covenant, and the defect on his part can be compensated by damages, the plaintiff may recover without alleging performance of the residue. This principle was recognized and applied in *Robinson* v. *Crowningshield,* 1 N. H. 76, and in *Stevens* v. *Curling,* 3 Bing. (N. C.) 355; where the captain of a South Sea whaler covenanted that he would procure a cargo of sperm oil, or as much as he could; would return to London and deliver it at his own cost; would obey instructions; be frugal of provisions, and not dispose of any without accounting for them; would not smuggle nor permit any on board to do so; and at all times act for the interest of the ship; and the defendants covenanted that on the performance of the before mentioned terms and conditions they would pay, &c.

The suit was brought to recover the proportion, being one twelfth part of the net proceeds of the cargo of three hundred and seventy-four tons of sperm oil. The defendants pleaded that they gave instructions for the management of the stores and the ship police, which were disobeyed; that he did trade in such manner as to prejudice the defendants, although instructed not to do so. Upon demurrer the pleas were held bad, and upon the principle before stated.

So is *Franklin* v. *Miller,* 4 A. & E. 599, and *Barnett* v. *Pixby,* 7 Johns. 249; *Tompkins* v. *Elliott,* 5 Wend. 496; *Foster* v. *Pardy,* 5 Met. 442, 444; *Keenan* v. *Brown,* 21 Vt. 86. Where the consideration of the defendant's promise is the performance of a single act, in its nature indivisible, the rule may be otherwise. Chitty on Con. 636.

In the case before us the implied engagement to serve the defendant faithfully was at most but part of the consideration of the defendant's promise, and, we think, as the breach of it may be compensated in damages, it is no defense to this suit; and therefore the instructions were erroneous and there must be

*A new trial.*