CHENEY *v.* BARBER.

EVIDENCE— CONTRACT *must be proved as laid.* Where money was to be paid upon the sale of certain mining property, the plaintiff must show that the property has been sold before he can recover.

*Appeal from District Court, Gilpin County.*

THE action was assumpsit upon the following instrument :

" $600.

Four months after date, for value received, we jointly and severally promise to pay J. E. Barber, or order, six hundred dollars.

October 3d, 1863.               WILLIAM S. ROCKWELL.
                               HAZEN CHENEY, Su'ty."

" In consideration of the above sum, being without interest, we promise and agree that should William S. Rockwell, one of the signers hereto, effect a sale, at the east or elsewhere, of certain mining property on the Bobtail lode, and receive his pay therefor, that we will pay an additional six hundred dollars.

October 3d, 1863.               WILLIAM S. ROCKWELL.
                               HAZEN CHENEY, Su'ty."

In the first count of the declaration, it was alleged that the property referred to in the second part of the agreement was sixty-six and two-thirds feet off the east end of claim No. 1, and twenty feet off the west end of claim No. 2, east of Discovery claim on the Bobtail lode, and that Rockwell had made sale of the property and received pay therefor:

VOL. I. — 10

In the second count it was alleged that the property referred to in the second part of the agreement was sixty-six and two-thirds feet off the east end of claim No. 1, east of Discovery claim on said Bobtail lode, and that Rockwell had sold it and received pay therefor. There was judgment for the plaintiff below against Cheney, who alone had been served with process.

Messrs. W. S. and L. C. ROCKWELL, for appellant.

Messrs. JOHNSON & TELLER, for appellee.

HALLETT, C. J. The appellee declared for two sums of $600 each, one of which was payable if Rockwell should sell certain premises on the Bobtail lode, which are described in the declaration. There is no evidence that these premises were sold. One witness swears that Rockwell had property on the Bobtail lode to sell for several parties, and another testifies to an admission by appellant that some property on the Bobtail lode had been sold, but it does not appear that the premises described in the declaration were sold. The contract should have been proved as laid. The judgment of the district court is reversed, with costs, and the cause remanded for a new trial.

*Reversed.*