Ilsley, J.
The plaintiff, having obtained in the Sixth District Court'of New Orleans a final judgment against the defendants, caused to-be. issued from said Court a writ of fieri facias, and took out from the same Court a garnishment process against the executor, the widow and son of-, the late Alexander Gordon, and, also, against the Mexican Gulf Rail Road ■ Company, all representing the estate of the said Alexander Gordon, and prayed for judgment against the garnishees to the amount of his judgment-claim against the defendants. «
After judgment had been rendered against the garnishees, they filed an exception to the jurisdiction of the Sixth District Court, the ground of which was that the Second District Court was the only tribunal that could take cognizance of the matter in controversy, quoad the estate of Alexander Gordon; but the lower Court overruled the exception as coming tob late, deeming its jurisdiction, if at all incompetent, only so ralione persona, and not ratione materia. . ,
Had the Sixth District Court jurisdiction in the premises ? is the first question to be solved.
Previous to the year 1853, all the District Courts in New Orleans had concurrent jurisdiction over probate matters inthe parish of Orleans.
In the years 1853, 1855 and 1864, exclusive jurisdiction in probate matters was conferred upon the Second District Court of New Orleans. See Act of 1846, No. 43, p. 32; Act of 1853, No. 190; Act of 1855; Act of 1864.
By the last Act of 1864, p. 84, section 8, it was provided: “That the.. Second District Court shall be strictly a probate court, and shall have exclusive jurisdiction only of all succession and probate causes,” etc., etc. But it was in the same act, section 17, further provided, that this act shall take effect from and after its passage, but shall not apply to the cases now pending or filed before the several District Courts, and that all laws on the same subject-matter, or contrary to the provisions of this act, are repealed.
It is proved satisfactorily that the succession of Alexander Gordon was not opened, nor was it pending in the Second District Court; so that, by the 17th section of the act of 1864, the said District Court had not exclu-’ sive jurisdiction over the matters in controversy between the plaintiff and the garnishees.
The main defence of the garnishees against the claim of the defendants, Fellowes & Co., against them, is that it was prescribed when garnishment process was taken out against them; and it was certainly competent for them to set up that or any other defence necessary to protect their own interest, -whether against the defendants or their creditors. 3 An. 380.
The prescription pleaded, is that of three years against the account current presented by Fellowes & Cb. to the garnishees.
It was a factor’s, or commission merchant’s account, and consisted entirely, except for commissions, etc., of paid acceptances and of promissory " notes.
*118 This Court lias deemed such items as the component parts of one account, which is to be regarded as a whole, and that acceptances charged in it, being fundi officio, are only vouchers, and that to such accounts, the prescription of three years applies. See Succession of Guillemin, 2 A. 634; Toledano vs. Gardiner, 2 A. 779; Andrew vs. Keenan, 14 A. 705.
The account was prescribed in 18C5, when suit was brought under garnishment process, unless the verbal acknowledgment of its correctness, made by the representatives of the estate in January, 1861, suspended prescription; which it certainly did not; for, had the acknowledgment been in writing, it would merely have interrupted prescription, which would commence running anew from that time.
As sufficient time subsequently elapsed before any further action on the part of Fellowes & Co., or any one else, was had, the claim is therefore prescribed. Succession of Dubreuil, 12 B. 507.
It is therefore ordered, adjudged and decreed that the judgment against the garnishees be annulled, avoided and reversed, and that judgment be and it is hereby rendered in favor of the garnishees and against the plaintiff, with costs of garnishment in both courts.