## ROBINSON CONSOLIDATED MIN. CO. v. JOHNSON.

1. DEFECTIVE COMPLAINT — ALLEGING UNILATERAL CONTRACT.— In an action by a vendor against a vendee of goods for refusal to accept and pay for the same, a complaint which alleges that plaintiff entered into a contract with defendant to furnish, sell and deliver to defendant two hundred and forty thousand bushels of charcoal at the stipulated price of thirteen cents per bushel, but nowhere alleges that defendant bought, purchased or agreed to accept or pay for the same, or any part thereof, states a unilateral contract, and is obnoxious to a general demurrer.

2. PLEADING — CONCISE LANGUAGE OF APPROVED FORMS RECOMMENDED.— While forms of pleading are no longer essential, yet it is well to adhere to the "ordinary and concise language" of approved forms in stating causes of action as well as grounds of defense, lest, in departing too far from the form, the substance be omitted.

3. WHEN DEFECTIVE COMPLAINT CURED BY ANSWER.— When an answer by its terms supplies the defects of a complaint otherwise obnoxious to a general demurrer, the defective complaint may be thereby cured; but it is otherwise when, after the overruling of such a demurrer, the answer consists of denials only.

4. COMPLAINT MUST CONTAIN TERMS OF THE CONTRACT SUED ON.— The obligations of a contract are found in the terms of the agreement, and the terms of a contract sued on must be stated in the complaint so as to show the obligation resting on the defendant. A party cannot be permitted to withhold the statement of the terms showing the obligation until the production of the evidence.

5. VARIANCE BETWEEN COMPLAINT AND PROOF.— Evidence tending to show a contract for the delivery of good merchantable kiln pine coal, two thousand five hundred inches to the bushel, twenty thousand bushels per month, for twelve months, varies materially from an allegation for the delivery of two hundred and forty thousand bushels of charcoal, without specifying kind, measurement or time of delivery.

6. AMENDMENTS TO PLEADINGS — OBJECTIONS OVERRULED AT PLEADER'S PERIL.— The code is liberal in allowing amendments when applied for in apt time; and ordinary defects in pleadings and proceedings will not be noticed in this court for the first time. But when objections are raised in the court below, and parties, instead of applying for leave to amend, succeed in procuring rulings in their favor by the trial court, they do so at their peril.

*Appeal from District Court of Lake County.*

THE allegations of the complaint in this action, so far as they are necessary to a correct understanding of the

matters involved in this appeal, are to the following effect:

That in 1882 William H. Johnson, appellee herein, plaintiff below, entered into a verbal contract with the Robinson Consolidated Mining Company, defendant, a corporation duly organized, to furnish, sell and deliver to defendant at its smelting works, in the town of Robinson, Summit county, Colorado, two hundred and forty thousand bushels of charcoal at the stipulated price of thirteen cents per bushel. That in pursuance of said contract plaintiff commenced and continued to furnish, sell and deliver said charcoal in divers lots and quantities until he had so sold and delivered thirty-two thousand bushels thereof to defendant, all of which was received and accepted by defendant at its said smelting works. That plaintiff was ready and willing and offered to deliver the balance of said charcoal according to the terms of said contract, but that defendant absolutely refused to receive, accept or pay for the same. The plaintiff, by reason of defendant's refusal to accept the residue of the charcoal contracted for, was compelled to sell the same for eleven cents per bushel, which was the best price he could obtain therefor. There were other elements of damage alleged which need not be here stated, inasmuch as they were substantially stricken out of the case before the trial, and do not appear to have been relied on. Defendant demurred to the complaint on several grounds, among others that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled. The defendant then answered, denying specifically the allegations of the complaint; and the case, being tried to the court without a jury, resulted in a finding and judgment in favor of the plaintiff for the sum of $4,000. The defendant appeals.

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. PATTERSON & THOMAS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This was an action by a vendor against a vendee of goods for refusal to accept and pay for the same. The complaint alleges that the plaintiff entered into a contract with defendant to furnish, sell and deliver to defendant a certain quantity of charcoal at a certain stipulated price. But it is nowhere alleged that defendant bought, purchased or agreed to accept or pay for the same, or any part thereof. For this reason it is contended by appellant that the contract as stated is unilateral; and that the complaint is defective in substance. It is certain that the usual form of declaring in cases of this kind was not observed. The nature of the action requires that the pleading should be special. 2 Chit. Pl. 264; Puter. Pl. 130; 1 Estee, Pl. & Pr. § 1375; Benj. Sales, §§ 758–765.

Notwithstanding forms of actions have been abolished in this state, the substantial requisites of pleadings have not been changed. Useless fictions, antique phraseology, technical commencements and conclusions have been swept away, but the legal rights and liabilities of parties remain the same; and the facts upon which these rights and liabilities depend are required to be stated in "ordinary and concise language." While particular forms of pleading are no longer essential, yet experience teaches that it is well to adhere to the "ordinary and concise language" of approved forms in stating causes of action as well as grounds of defense, lest, in departing too far from the form, we fail to state the substance.

It is contended by plaintiff's counsel that defendant cannot now be heard to object to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, for the reason that he pleaded over and went to trial. We are aware it has been held, where an answer by its terms supplies the defects of a complaint otherwise obnoxious to a general demurrer, that

the defective complaint is thereby cured.   This is what Mr. Chitty calls "express aider."  The case of *Slack v. Lyon*, 9 Pick. 62, is not in point.   In that case the defendant pleaded over without demurrer, and in his answer alleged the very facts the omission of which made the complaint defective, and, upon recovery being had in favor of the complainant, the defendant moved in arrest of judgment, which was denied.   In this case defendant demurred in the first instance, and his answer thereafter filed consists of specific denials only.   In *Slack v. Lyon, supra*, a very old case is referred to (*Drake v. Corderoy*, Cro. Car. 228), where the complaint was defective in substance, and the court remarked: "Had the defendant pleaded the general issue, the plaintiff could not have had judgment."   Bliss, Code Pl. § 438.

The terms of the contract, as set out in the complaint, show no promise, undertaking, agreement or obligation on the part of the defendant to accept or pay for any portion of the charcoal, except that the law implies a promise on his part to pay for that which he actually received.   As to such portion, there is no claim that he did not pay for it; so the case does not fall under that class of unilateral contracts, in which a party not bound by the terms thereof while it remains executory may nevertheless become bound to the extent he accepts the benefits thereof.   *Gordon v. Darnell*, 5 Colo. 302; *Stiles v. McClellan*, 6 Colo. 89; *Lester v. Jewett*, 12 Barb. 502; *Railway Co. v. Mitchell*, 38 Tex. 85; *McKinley v. Watkins*, 13 Ill. 140; *Richardson v. Hardwick*, 106 U. S. 252; 1 Pars. Cont. 448, note *z; Sykes v. Dixon*, 9 Adol. & E. 693; *Bean v. Burbank*, 16 Me. 458.   It is contended that the allegation that plaintiff was to furnish, sell and deliver to defendant a certain quantity of charcoal, at a certain stipulated price, implies that defendant agreed to receive and pay for such quantity at the price stated.

It is true the law implies a promise to pay on the part of one who actually receives goods at a price for which

the other party has engaged to deliver; because it would be unconscionable that the receiver should accept goods for which he knew the other party expected payment, and not render the consideration therefor. But there may be an engagement to deliver without the corresponding engagement to receive. A promise is a good consideration for a promise; but the law does not imply because one party makes a promise that the promisee makes a promise in return. Parties are at liberty to make such contracts as they please. Options may be reserved by either party to a contract which may render the same unilateral and incapable of enforcement, except so far as the same may have been voluntarily carried into effect.

It is strongly urged that the words "entered into a contract with defendant" show that there was mutuality in the contract between the parties, and that both are bound. These preliminary words doubtless indicate that two parties made the contract, such as it was; and they may induce expectation of mutuality in the terms or obligation of the contract thereafter to be stated. But it does not follow because two parties have made a contract that therefore each or either are bound thereby. If mutuality of obligation necessarily resulted from a joint making, then there could be no such thing as a unilateral contract, since a contract or agreement is always the product of two or more minds.

In this connection counsel for appellee in their printed argument make use of the following quotation: " A contract is an agreement between two or more persons to do or not to do a particular thing. The obligation of a contract is found in the terms of the agreement." This language is ascribed to Chief Justice Taney, who delivered the opinion of the court in *Charles River Bridge v. Warren Bridge*, 11 Pet. 420, when, in fact, the words occur in the dissenting opinion of Mr. Justice McLean. This was doubtless an inadvertence, as the same mistake occurs in Bouvier's Law Dictionary. But as the decision

of the case does not turn upon the correctness of the abstract definitions thus announced, they may be accepted as correct. Having made this quotation, counsel argue that the statement that a contract was entered into is a conclusion arising from facts under the law, and is a mode of pleading not prohibited by any system; that the obligations of the charcoal contract are to be found in its terms, and its terms are to be found from the evidence, and the evidence is a statement of the facts from which the conclusion that a contract exists has been drawn.

*Hanna v. Barker*, 6 Colo. 312, and *Orman v. City of Pueblo*, 8 Colo. 292, are relied on to sustain this course of reasoning. The former case sustains the proposition that an averment that certain parties named entered into an agreement in writing with certain other parties named is a sufficient averment of the delivery of the agreement between the parties; but neither of these cases warrants the inference that it is not necessary to aver in the complaint the terms of the contract sued on so as to show the obligation resting on the defendant as a condition to holding him liable for the breach thereof. On the contrary, in the former case the contract was set out *in hæc verba* in the complaint, while in the latter the complaint was not defective in substance, and the objection referred to in the opinion could have been cured by a bill of particulars.

It is assigned for error that the contract attempted to be proven at the trial was not the contract stated in the complaint. The contract stated in the complaint was for the sale and delivery of two hundred and forty thousand bushels of charcoal at defendant's smelting works. No time being specified for the delivery of the coal, the law implies that it was to be delivered within a reasonable time, which time, in case of controversy, must be determined by the court from the facts and circumstances of the case. 2 Pars. Cont. 535. The contract which the evidence tended to establish was a contract for the deliv-

ery of good merchantable kiln pine coal, two thousand five hundred inches to the bushel, twenty thousand bushels per month for twelve months. It may be, in attempting to prove the performance of a contract to deliver two hundred and forty thousand bushels of charcoal where no time for the delivery is specified, that it would be competent to show that a delivery at the rate of twenty thousand bushels per month would be a delivery within a reasonable time. But this was not what was undertaken to be shown. No evidence as to what would be a reasonable time was elicited or offered. The evidence tended to prove an express contract to deliver twenty thousand bushels a month, no more, no less, without reference to the circumstances or difficulties of the delivery bearing upon the question of reasonable time. This evidence was objected to as incompetent under the statements of the complaint, and as variant from its allegations. The variance is apparent. As a rule, where there is an express contract, parties cannot abandon it and resort to an implied one; but the contract as made must be the measure of their respective rights and liabilities. The defendant had a right to be advised by the pleadings in advance of the trial of the substantial terms and conditions of the contract under which its liability to a judgment was sought to be enforced. Hence the variance was material, and the issue under the evidence should have been found against the plaintiff for that reason. Steph. Pl. 118; 1 Chit. Pl. 318, 319; Bliss, Code Pl. § 438 *et seq.; Cheney v. Barber*, 1 Colo. 73.

We have carefully considered whether or not under section 78 of the code, relating to defective pleadings and variances, the errors discussed in this opinion might be properly disregarded. The provisions of the code are liberal in allowing, upon proper application and terms, the correction of mistakes in the pleadings and proceedings in civil actions. We should not be disposed to allow parties to take advantage of ordinary defects for the first

time in the appellate court. But when a party makes objection on account of a material or substantial defect, in a proper manner, and in apt time, and the opposite party, instead of applying for leave to amend, succeeds in procuring a ruling in his favor by the trial court, he does so at his peril.

In view of the foregoing conclusions we do not deem it necessary to discuss at length the other assignments of error. If there was a contract for the delivery of the coal within twelve months, and the buyer actually received and accepted a part thereof within that period, the claim that the contract was void under the statute of frauds would seem to be unfounded.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*