Low v. Marshall.

</div>

---

## STEPHEN LOW *vs.* DANIEL MARSHALL.

If one party covenants to convey land to the other within one year at an agreed price per acre, and the other party, at the same time covenants to pay the same price per acre for the same land within the same time, the covenants are dependent, and neither party can maintain an action against the other without proof that he was ready and willing to perform on his part at the proper time.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Debt upon a writing under seal from the defendant to the plaintiff, dated *February* 24, 1836. At the trial, the defendant introduced a sealed writing from the plaintiff to him, bearing the same date, in which *Low* agreed *to give, grant, sell, and legally convey* unto *Marshall,* or his assigns, a certain tract of land, described. Then follows: " The condition of the foregoing agreement or obligation is, that if the said *Daniel Marshall* shall within the time of one year from the date hereof pay or cause to be paid to the said *Low,* his heirs or assigns, the sum of one hundred dollars per acre

for all the land contained in the above described premises, then the said *Low*, his heirs or assigns, shall give and make unto the said *Marshall* or his assigns a full and legal conveyance of the afore-described premises." The agreement on which the suit was brought, signed by *Marshall*, recited the agreement signed by *Low*, and then proceeded : " The condition of this obligation being that if within one year from the date hereof, I, the undersigned, shall" do either one of certain things, among which was the conveyance of certain land within one year, which conveyance the case shows was made within the year, " I will then purchase of said *Low* the piece of land described in his obligation to me before referred to, and will pay him for the same at the rate of one hundred dollars per acre." The defendant proved that there was the incumbrance of a contingent right of dower in the premises described in the agreement in the wife of a former grantor. No offer was made within the year by the plaintiff to convey the land to the defendant on any terms, nor was any offer made by the defendant to pay the plaintiff therefor if a conveyance should be made. The Judge ruled, that the action could not be maintained, to which the plaintiff excepted.

*Vose*, for the plaintiff, contended, that these were distinct and independent covenants, and that therefore the action could be maintained without either averring or proving performance, or tender of performance, on the part of the plaintiff. *Manning* v. *Brown*, 1 *Fairf.* 49 ; 2 *H. Black.* 389 ; *Tileston* v. *Newell*, 13 *Mass. R.* 406 ; *Read* v. *Cummings*, 2 *Greenl.* 82 ; *Sewall* v. *Wilkins*, 2 *Shepl.* 168. But if an offer to perform be necessary, the declaration avers a readiness to perform, and that is sufficient where the defendant was not in readiness to perform on his part. *Rawson* v. *Johnson*, 1 *East*, 203 ; *Tinney* v. *Ashley*, 15 *Pick.* 546 ; 2 *B. & P.* 447 ; 3 *Saund.* 350.

*Bradbury*, for the defendant, argued, that the two agreements, being made on the same day, and being parts of the same transaction, and on the same subject matter, were to be construed together as one instrument. *Hubbard* v. *Cummings*, 1 *Greenl.* 12 ; *Holbrook* v. *Finney*, 4 *Mass. R.* 566 ; 1 *Salk.* 112. In this case the covenants are dependent, neither party being bound to perform

without performance by the other. The defendant was not obliged to pay his money without receiving at the same time a conveyance of the land. No action in such case can be maintained without proof that the plaintiff was ready at the time and place to perform the contract on his part. Here, not only was there no offer to perform by the plaintiff, but the case shows that he had not the power to perform, as the premises were incumbered by a contingent right of dower. He cited 1 *Salk.* 131; *Doug.* 684; 7 *T. R.* 125, 761; 8 *T. R.* 366; 2 *Com. on Con.* 62; 2 *Johns. R.* 207; 10 *Johns. R.* 266; *Gardiner* v. *Corson*, 15 *Mass. R.* 500; *Sibley* v. *Spring*, 3 *Fairf.* 460; *Porter* v. *Noyes*, 2 *Greenl.* 22; *Sewall* v. *Wilkins*, 2 *Shepl.* 168; *Winslow* v. *Copeland*, 3 *Shepl.* 276.

The opinion of the Court was drawn up by

SHEPLEY J. — The obligation of the plaintiff to convey was upon condition, that the defendant, within one year, should pay him at the rate of one hundred dollars per acre for the land; and this condition is recited in the obligation of the defendant to purchase. The conveyance was to be executed and the money to be paid at the same time; and neither was obliged to perform without performance by the other. The party that would exact performance of the other, should prove that he was ready and willing to perform at the proper time.

When the decision is upon the pleadings, as in the cases of *Rawson* v. *Johnson*, 1 *East*, 203, and *Tinney* v. *Ashley*, 15 *Pick.* 546, averments that the party was ready and willing to perform were held to be sufficient. But in those cases, if the defendants had taken issue upon the facts, it would have been necessary for the plaintiff to have proved that he was ready at the time, and should have performed if the other party had. In *Rawson* v. *Johnson*, Lord *Kenyon* says, "to be sure under this averment the plaintiffs must have proved that they were prepared to tender and pay the money, if the defendant had been ready to have received it, and to have delivered the goods." Any other rule, whatever expressions in any decided case may give it countenance, would be subject to this absurdity, that where neither party had manifested

any readiness to perform until after the time had elapsed, each might call upon the other as being the party in fault for damages.

To entitle the plaintiff in this case to recover, he must have proved, that at the expiration of the year he was ready to have delivered the deed of conveyance upon payment of the money. *Heard* v. *Wadham*, 1 *East*, 619. It does not appear that the plaintiff proved any readiness or willingness to perform until after the expiration of the year. After that time he was not bound to convey, and could not require the defendant to purchase.

*Exceptions overruled.*