WILLIAM PERKINS

*v.*

BARBARY HADSELL.

1. CONTRACTS—*mutuality—consideration—giving one an option to purchase land.* If the owner of lands gives to another the option to select and purchase a portion of them, at a stipulated price, certain conditions being imposed upon the party to whom the option is given, as that he shall make the selection within a given time, pay the taxes, improve the portion selected, and pay the purchase money, upon the performance of which the owner agrees to convey, while the owner may, no doubt, at any time before his proposition is accepted, by the other party selecting, entering upon and commencing to improve the land, withdraw his offer, yet, after the other party has accepted the proposition by doing all that he was required to do by its terms, it is then too late for the owner to recede, and he may be compelled, on a bill for specific performance, to convey the land.

2. In such case, the mutuality and the consideration for the agreement to convey, consist in the party to whom the offer was made, having actually done, upon the promise of the owner, what he required to have done, and it is immaterial that it was done without having entered into a previous undertaking to do it.

3. ASSIGNMENT—*what contracts are assignable, in equity.* An instrument which gives to a person an option to buy land, upon his performance of certain conditions, which he may or may not perform, as he may elect, may not be assignable by such person before he has acquired any right of property under it by performing the conditions, but it is assignable, in equity, after that time.

4. STATUTE OF FRAUDS—*by whom the writing must be signed.* It is sufficient, under the statute of frauds, if a writing is signed by the party sought to be charged.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The facts sufficiently appear in the opinion.

Mr. W. W. PERKINS, for the plaintiff in error.

Mr. LYMAN LACEY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1860, plaintiff in error gave the following instrument to Robert M. Stout:

"These presents witness between William Perkins, of Cincinnati, O., and Robert M. Stout of Clarksburg, Indiana, that the said Perkins now extends to the said Stout the privilege of selecting from his lands in Mason county, Illinois, of the following nos: An 80 acre lot for a home for himself and family, W. ½ of S. W. ¼, 24; W. ½, N. W. ¼, 25; N. E. ¼ of 26; S. E. ¼, 15; T. 1, N. R., 6 W.

" Should he, the said Stout, take either one of the 80's first described, he is to pay to the said Perkins seven hundred and twenty dollars for the same within the period of ten years, with 6 per cent. interest. Should he prefer taking his eighty out of one of the quarters last described, he is to have the same for six hundred and eighty-five dollars, with 10 per cent. interest till paid, he paying the annual tax on the eighty

selected, with the privilege of taking none, no eighty, when this article is to be of no force; but if the said Stout make his selection as aforesaid, within six months, and go on to improve the same and pay for it according to this article, then said Perkins is to make out and deliver to him a good deed for the eighty selected.    This 7th day of September, 1860.

" WM. PERKINS.

" It is understood that Mr. Stout is to be charged no rent, should he leave the 80 after tilling it for a time.

" W. PERKINS,<br>" ROB'T M. STOUT."

The present bill was filed against Perkins by Barbary Hadsell, as assignee of Stout, for a specific performance, and as no answer was filed, the only question is, whether the bill shows upon its face a case justifying the decree for a conveyance.    The bill alleges that Stout, on the 1st of March, 1860, with the consent of Perkins, made his selection of an eighty acre tract at $720, which was then its full value ; that he broke the land and made valuable improvements thereon ; that in September, 1861, for a valuable consideration, he assigned the contract to one Case, who afterwards assigned to defendant in error, and that she has since been in possession, made valuable improvements, and put said land in a high state of cultivation. The bill further avers, that Stout, Case, and defendant in error have paid all the taxes on said land, and that defendant in error on the 29th of June, 1867, tendered to plaintiff in error the full amount due on said land, to wit: $1,016.    A default was taken against the plaintiff in error, and the court, on the allegations of the bill, rendered a decree for a conveyance.

It is insisted, by the plaintiff in error, that the instrument above set forth, is not binding on him, for want of mutuality, or, in other words, that there is no consideration.    There is no doubt but that Perkins, at any time before Stout accepted his proposition by selecting, entering upon and commencing to improve the land, might have withdrawn his offer.    Up to

that time there was indeed no consideration. But this he did not do. He allowed his offer to remain open until Stout had accepted it by doing all that he was required to do by its terms. It was then too late for Perkins to recede. He insists, however, that Stout, even by entering on the land, incurred no obligation which he, Perkins, could enforce. This may be the true construction of the instrument, but the answer is, that Stout and his assignees did not choose to avail themselves of this privilege, but performed all that was required of them by the terms of the instrument in order to entitle them to the land. After they have performed all the conditions, by making valuable improvements, paying the taxes, and tendering the price of the land within the appointed time, it would surely be inequitable to permit the plaintiff in error to refuse compliance with his promise, on the ground that they were not bound by contract to do these things. They may not have been bound to do them, but they, nevertheless, have done them, induced thereto by the unrevoked promise of the plaintiff in error. If the owner of a piece of land executes a written instrument by which he promises to convey the land to another, if the latter will erect a house worth five thousand dollars upon it within one year, and pay to the owner a certain price for the land within two years, and such person erects the house within the appointed time, without dissent by the owner, and then tenders the stipulated price and demands a deed, a court of chancery could not hesitate to decree a conveyance, on the ground of want of mutuality or of consideration. The mutuality and the consideration consist in having actually done, upon the promise of the other party, what he required to have done, and it is immaterial that it was done without having entered into a previous undertaking to do it. The case supposed is not distinguishable, in principle, from the one before us. The improvement of the land and the paying the taxes were not only an injury to Stout, if he acquired no legal rights thereby, but they were a benefit to Perkins, since he would either get the benefit of the improve-

ments and payment of taxes, or secure the payment for his land at a price which the bill alleges to have been its full value, with ten per cent. interest on the purchase money. The offer may have been a very favorable one to Stout, and very probably was dictated by motives of friendship as stated by plaintiff in error, but that does not affect the legal rights of Stout or of his assignee.

The case of *Lowenson* v. *Butler*, 1 Sch. and Lef. 15, cited by plaintiff in error, has often been overruled, as in the cases cited in 2 Pars. on Con. 290, and it was held by this court, in *Farwell* v. *Lowther*, 18 Ill. 255, and *Esmay* v. *Gorton*, ib. 483, that it was sufficient under the statute of frauds, if the writing is signed by the party to be charged. It is true there must be an acceptance, and in this case it was manifested by the performance of all the conditions annexed to the promise.

The plaintiff in error also cites *Boucher* v. *Van Buskirk*, 2 A. K. Marsh. 345. That case was in some respects like the present, so far as concerns the provisions of the written instrument executed by Van Buskirk, but the court, after stating that the instrument itself created no obligation on the part of Boucher to buy the land, add, that reliance was placed upon his improvements, but that there was no evidence in the cause showing that any had been made. It seems to be implied, in what the court say, that if Boucher had made improvements which were not compensated by the use of the land, he would have been entitled to a conveyance. There is also one important difference between that case and the present, in regard to the instrument. There, Van Buskirk had given a lease for five years, and had given permission to Boucher, the lessee, to build a house. But Boucher was not bound by the lease, either to pay rent or taxes, or even to build the house. He simply had permission to build. In this case Stout, by the agreement, was to pay the taxes and improve the land, in case he accepted Perkins' proposition. In that case the instrument was, in form, a lease, for which it did not appear that any consideration had been paid, even by making improvements.

In this case, the instrument was designed as a contract of sale, and improvements were made and taxes paid. But where a lease is made, rendering rent, with a clause binding the lessor to convey in fee at any time during the lease, for a certain sum, we presume no court would hesitate to enforce such a covenant, if the lessee had duly paid the rent and tendered the purchase money. Such clauses in leases of town property, made with a view to building on the demised premises, are not uncommon, and the payment of rent is a sufficient consideration to support the covenant. If the case last cited is to be considered as denying this doctrine, we could not assent to it.*

The other case, *Giger* v. *Green*, 4 Gill, 472, cited by plaintiff in error, we do not consider applicable. One person had granted to another the right of digging ore on his land at twenty-five cents per ton, the license not running for any particular time, and the case simply holds the privilege was revocable at pleasure.

It is also urged by plaintiff in error, that even if Stout could enforce this contract, still, it was not assignable. On that point it is only necessary to say, that the instrument contains nothing that can be construed as forbidding an assignment, and if Stout acquired under it any right of property, then there is no reason why equity should not equally protect his assignee. The instrument may not have been assignable before Stout acquired a right of property under it by the expenditure of money in improvements, but it was assignable in equity after that time.

*Decree affirmed.*

---

* See *Haven & White* v. *Wakefield*, 39 Ill. 518.