*L. C. Rockwell*, attorney for appellant.
*Wells, Smith & Macon*, attorneys for appellee.

----

## GORDON *et al. v.* DARNELL.

(*Supreme Court of Colorado, December 7, 1880. Appeal from the District Court of Custer County.*)

THE BILL OF EXCEPTIONS not purporting to contain all the evidence, the Supreme Court cannot, on appeal, inquire whether or not the verdict of the jury is supported by the evidence.

MINING "BOND." A bond by the discoverer or owner of a mining claim "in the penal sum of one thousand dollars, conditioned to convey the claim" on the payment or deposit of a given sum by a given day, is a mere option to purchase within the time specified, and may be revoked by the maker at any time before acceptance by the obligee.

MUTUALITY AND CONSIDERATION. Such bond, there being neither mutuality nor consideration, imposes no obligation on either party. Until acceptance by the obligee, or the performance by him, of some act equivalent to an election to purchase under the terms mentioned therein, it is a *nudum pactum.*

SPECIFIC PERFORMANCE of such bond will not be enforced if the offer it contains be withdrawn before an election to purchase and tender of per-

formance by the obligee. Otherwise, when a money consideration is expressed in the bond, or the obligee is by its terms required to improve or develop the property as a consideration for the option, and the terms have been complied with.

VOLUNTARY LABOR PERFORMED AND IMPROVEMENTS MADE on the mine by the holder of such bond, pending the time stipulated in the option, though with the knowledge of the maker, do not amount to an election to purchase—especially when the bond specifies a different mode of election ; but should be deemed merely for exploration for the purpose of testing the value of the mine.

AN ENTRY UPON THE PROPERTY, unauthorized by the writing, and without the express assent of the maker, is not such an entry as, in law, amounts to a sealing of the bond.

RULINGS, AS TO EVIDENCE AND INSTRUCTIONS, which recognize a written option to purchase a mine,—without consideration—as a valid and enforceable contract, not subject to withdrawal by the maker, prior to election to purchase by the holder, are errors affecting the rights of the parties.

BECK, J.   The plaintiffs below, appellants here, were original locators of the Good Neighbor mining claim at Silver Cliff.  On the 23d day of August, 1879, they executed and delivered to one John W. Lawrence, a bond in the penal sum of one thousand dollars, conditioned to convey the claim to him on payment to them, or upon the deposit by Lawrence in the Custer County Bank, in Silver Cliff, on or before the 23d day of October, 1879, the sum of five hundred and fifty dollars.   The bond was not signed by Lawrence, contains no clause granting him the possession during the option, and no consideration is expressed for the option given.

Lawrence went upon the claim about the 2d of September, built an ore house and commenced to sink shafts thereon.   On the 9th of September, he executed a title bond to the defendants Darnell and Hodson.   This instrument was conditioned to execute to them a deed upon payment, on or before December 8, 1879, of the sum of $25,000.   Lawrence thereupon admitted Darnell to enter upon the claim and occupy it jointly with himself.

On the 12th day of September, two of the plaintiffs, Heister and Gordon, entered and commenced digging, when Lawrence and Darnell objected, and expelled them from the ground, Darnell claiming under his bond from Lawrence, and Lawrence claiming under his bond from the plaintiffs.

This suit against Darnell and Hodson was instituted the next day, September 13th. Hodson was not served with process, and Darnell only appeared to the action.

The cause was tried at the October term of the district coutt of Custer county, before the court and a jury, the trial resulting in a verdict for the defendant, Darnell.

The plaintiffs bring the cause here by appeal, assigning for error, *inter alia*, certain rulings of the judge in admitting and rejecting testimony, the granting and refusing of instructions, and the denying of plaintiffs' motion for a new trial.

We will observe in the first instance, that we are precluded from reviewing the judgment upon the evidence by a familiar and oft repeated rule of this court. The bill of exceptions does not purport to contain all the evidence. Hence, we cannot inquire whether the verdict of the jury is supported by the evidence or not.

Some important questions, however, arise upon the record respecting the rulings of the court upon the trial, which we will examine.

The district judge appears to have taken an erroneous view of the legal effect of the title bond executed by the plaintiffs to Lawrence, and this, evidently, led him into the commission of sundry erroneous rulings during the process of the trial.

A bond of this nature is, in the first instance, a mere option to the obligee, to purchase at any time within the period therein limited, upon simple compliance with the terms stated. Until such acceptance by the obligee, there being neither mutuality nor consideration, it imposes no obligation whatever on either party, and for that reason is subject to revocation by the maker at any time prior to acceptance. Such a bond lacks the elements of a valid and binding contract. It is not signed by the purchaser, and no consideration is expressed for the option given. Not being enforcable to any degree againt the purchaser, he is equally incapable of enforcing it against the seller, for contracts to be obligatory upon either party must be mutual. Until acceptance by the obligee, or the performance of some act equivalent to an election to purchase under the terms mentioned therein, it is a *nudum pactum.* Its legal effect is, that of a continuing offer to sell, which is capable of being converted into a valid contract by a tender of the purchase money, or performance of its conditions,

whatever they may be, within the time stated, and before the seller withdraws the offer to sell. But, if the offer be withdrawn before such election and tender of performance, it ceases to have any legal force whatever.

Where a money consideration for the option is expressed, or where the bond to convey requires the purchaser to improve and develop the property as a consideration for the option, or in part performance of the conditions of sale, and these terms have been duly complied with, a totally different case is presented from that where, by the terms and conditions of the instrument, nothing is to be paid and nothing done under it on the part of the purchaser until he makes his election to purchase. The former case contains all the elements of a binding contract, and the purchaser, although free to reject the offer of sale, may elect to accept within the time limited. In the latter case the offer must not only be accepted within the time mentioned, but before the option is withdrawn. Such acceptance, together with a tender of performance, renders the remedy mutual and entitles the purchaser to a specific performance. The minds of the contracting parties are said to meet on the happening of these events, and the offer to sell ripens into a valid contract, just as it would if made and concluded at the time of acceptance. *The B. and M. R. R.* v. *Bartlett,* 3 Cush., 224; *Corson* v. *Mulvany,* 49 Pa. St., 88; *Perkins* v. *Hadsel,* 50 Ills., 216; *Esmay* v. *Gorton,* 18 Ills., 483; *Estes* v. *Furlong,* 59 Ills., 300; *Vassant* v. *Edwards,* 43 Cal., 458; *Stevenson* v. *McLean* (Queen's Bench), 11 C. L. J., 229; *Rutledge* v. *Grant,* 4 Bing., 653; *Cook* v. *Oxley,* 3 T. R., 653; *Eliam* v. *Henshaw,* 4 Wheaton, 226; *Carr* v. *Duval,* 14 Pet., 76; *Fry on Specific Perf.,* Secs. 64, 166, 167, 177-179.

Upon the trial plaintiffs offered to introduce in evidence what purported to be a notice which had been served upon Lawrence, rescinding the contract. The defendants' counsel admitted that the notice was served on the defendants upon the day this action was instituted, but objected to the introduction in evidence of the notice, and the court sustained the objection. The notice not having been incorporated into the record, we are not informed of its contents, and can, therefore, only say that testimony of this character was pertinent to the issue before the jury. It is not pretended that a tender or deposit of the purchase money was made until three days afterwards, and whether there had previ-

ously been such part performance as to render the bond irrevocable was a question of fact, which was being tried.

When Lawrence was upon the stand as a witness for the defendant, plaintiffs' counsel asked him the question, "Did you, or did you not, previous to making the deposit mentioned, receive notice from plaintiffs, or any of them, that they had rescinded the contract, and that you need not deposit the money to their credit?"

This question was likewise objected to, and the objection sustained. This was clearly error, for the reasons above mentioned. As before observed, the judge evidently placed an erroneous construction on the bond itself, treating it as irrevocable.

Counsel for appellees attempt to sustain these rulings, and likewise certain instructions given to the jury, on the ground that Lawrence had entered under the bond and made valuable improvements; that Darnell, the defendant, was his assignee, whom he had let into joint possession with him, and that Lawrence having deposited the purchase money, as stipulated in the bond, within the time therein given, he was equitably entitled to a specific performance of the covenant to convey; and that if the possession of Lawrence was rightful, that of the grantee, Darnell, was equally so.

This position assumes certain facts to exist which were in dispute. The bond did not in terms require or authorize Lawrence to take possession; it did not require or authorize any shafts to be sunk or improvements to be made pending the option, and the plaintiffs offered to introduce testimony tending to show that they never authorized Lawrence or his grantee to enter into possession.

The plaintiff Heister was asked when upon the stand, "What permission, if any, did you give Lawrence and Darnell, or either of them, to work on the claim?"

Gordon, another plaintiff, was asked, "Did you ever part with your possession, or authorize any one to take possession, of the Good Neighbor lode?" And to plaintiff Moorehead this question was propounded, "State whether or not you have ever given permission to defendants, or any other persons, to have possession of the Good Neighbor claim?" Objections were made and sustained to all of these questions, the effect of which ruling was to exclude from the jury such testimony as the plaintiffs may have

been prepared to give, upon their respective oaths, concerning the manner in which, and the circumstances under which possession was given or obtained of the mine. This was error.

Counsel for defendants say in their brief, that, "it is not pretended that Lawrence went into possession of the Good Neighbor, with the express permission of the plaintiffs, only that he went into such possession at or about the time of the purchase, with the knowledge of, and without objection from the plaintiffs; expended money in developing the claim, and made valuable improvements upon it with their knowledge and without any objection from them, and that they stood by and allowed this to be done, and allowed Darnell to make a contract of purchase from Lawrence, and be taken into joint possession of the premses, without objection and without notifying Darnell that Lawrence's possession was wrongful."

If these facts be admitted, they do not render the bond irrevocable, unless it can be said that they amount to an election to purchase and are in compliance with the terms of the contract. It cannot be said that an entry of this character, unauthorized by the bond, and without the express assent of the plaintiffs, is such an entry as is equivalent in law to a sealing of the bond by Lawrence. Nor can it be considered equivalent to an election to purchase the mine, so far as the written contract is concerned, for that prescribes a different mode of electing, viz. the payment or deposit of the purchase money; and it is equally difficult to comprehend how taking possession and making improvements can be construed as performance in this case, at least under the written obligation in evidence, since none of its provisions contemplate such acts.

Certainly if Lawrence, without further agreement with the plaintiffs, and of his own motion, went upon the premises and built an ore house for his own convenience, and sunk shafts for the purpose of testing the value of the mine, in order to determine whether he would elect to purchase it on the terms offered, these facts would constitute neither election or performance. Such acts would be simply for exploration and not designed to improve the property. The character of the acts being in dispute which were relied upon as making the contract binding on the plaintiffs, it was error to exclude the testimony which the plain-

27

tiffs had to offer on that subject. The acts themselves being unauthorized by the bond, the plaintiffs should have been permitted to testify whether or not they were merely voluntary on the part of Lawrence and Darnell.

Similar errors appear in the third and fourth instructions given to the jury.

The third instruction informs the jury in substance, that if the plaintiffs executed the bond, and if Lawrence took possession and spent money on the claim with the knowledge and without objection of plaintiffs, and by an arrangement with Darnell let him into joint occupancy with him; if they were in actual possession at the time suit was brought, and if Lawrence had deposited the purchase money since the institution of the suit, and on or before the 23d day of October, 1879, and notified the plaintiffs, then Darnell was entitled to hold the claim against the plaintiffs.

This instruction is faulty. It assumes to cover the whole case, but is not broad enough. No opportunity is afforded the jury to find, if the facts warranted, that the option to purchase was withdrawn before the bond became a binding obligation on the plaintiffs.

To make this instruction announce fully the law of the case, a proviso would have to be added, to the effect, that if the evidence disclosed that the taking possession and expending money were purely voluntary acts on the part of Lawrence, not being in compliance with the terms and conditions of any agreement between him and the plaintiffs, concerning the sale of said mine; and if the evidence further disclosed that the option to purchase was withdrawn by the plaintiffs, and Lawrence notified by them of the fact prior to the deposit, then in that case the verdict should be for the plaintiffs.

The same objections and the same observations apply to the fourth instruction given.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*

*George S. Adams,* attorney for appellants.
*Blackburn & Dale,* attorneys for appellee.