## BYERS ET UX. V. DENVER CIRCLE R. Co.

1. CONDITIONAL CONTRACT FOR SALE OF LAND — PURCHASE MONEY.—
A contract for sale of parcel of land for a certain price, on condition that the purchaser, within one year from date, have its proposed railway completed from its initial point across and beyond said land, and cars running thereon, when the vendors will execute a deed, and the purchase money shall become due and payable, immediate possession for the uses of the purchaser being granted, does not make payment of the purchase money within the year of the essence of the agreement or a condition precedent to its enforcement by the purchaser.

2. SAME — PERFORMANCE OF CONDITIONS PRECEDENT — MUTUALITY.—
Where possession is taken by the vendee under such a contract, and the precedent conditions of sale therein mentioned complied with — that is, the construction of the proposed railway and the running of the cars thereon within the time specified — the contract ceases to be an option and becomes a mutual contract with part-performance.

3. LACHES OF VENDOR — SPECIFIC PERFORMANCE ON TENDER OF PURCHASE MONEY.— Plaintiff having taken possession under the option, and performed the conditions precedent, time was no longer of the essence of the contract, and specific performance would be granted, though the money was not tendered and deed demanded until some months after the expiration of the year; as, the tendering of the deed and payment of the money being, by the contract, concurrent acts, plaintiff was not in default, no deed having been tendered.

*Appeal from District Court of Arapahoe County.*

Action by the Denver Circle Railroad Company against William N. Byers and wife for specific performance. Judgment for plaintiff, and defendants appeal.

Mr. L. B. France, for appellants.

Mr. E. O. Wolcott, for appellee.

Reed, C. The appellee, being engaged in constructing a railroad following for some distance the bank of Cherry creek, in the city of Denver, and wishing to secure a right of way and land for the use of the road, made with the appellants the following agreement: "This agreement, made this 3d day of February, A. D. 1881, by and between William N. Byers and Elizabeth M. Byers, party of the first part, and the Denver Circle Railroad Company, party of the second part, witnesseth: For the consideration of $200, to be paid as hereinafter provided, said first party hereby sells and agrees to deed to second party, as hereinafter provided, for a railroad right of way, side tracks, depot grounds, and such other railroad purposes as said second party may elect, the following property, to wit: Lots two and three (2 and 3), in block thirteen (13), in west division of Denver.

" The conditions of this agreement are that, whereas, the said second party contemplates building a railroad along the west bank of Cherry creek or near thereto, now, if the said second party or assigns construct a railroad on said proposed route, and have trains running thereon, within one year from the date hereof, from the starting of said road beyond said property, then the said first party shall execute their deeds to second party for said property, at which time said consideration sum will become due and payable, and said second party then agrees to pay said sum of $200 to first party, with interest at the rate of ten per cent. from date until paid. For the

purpose of locating, constructing and completing such railroad and a telegraph line, said first party hereby authorizes entry on and possession of said property from and after the date hereof.

"In witness whereof the said parties have hereunto set their hands at Denver, this 3d day of February, A. D. 1881.

"[Signed]        ELIZABETH M. BYERS.     [Seal.]
"[Signed]        WILLIAM N. BYERS."      [Seal.]

Possession of the lots was delivered to appellee, and within one year from the making of the contract the road was constructed and being operated across and at some distance beyond the lots in question. It is not claimed that appellants at any time executed and tendered deeds to the property, or demanded payment in the sum due. No offer of payment was made by appellee, or deed demanded, until January, 1883, when the amount of the purchase price, with interest, was tendered to appellant William N., and demand made for the deed. The other appellant (wife of the former) being absent, no tender or demand from her was made until the 4th day of April following, when a like tender and demand was made. Appellants refused to accept payment and convey property. On the last named date this suit was brought to compel the conveyance. On February 10, 1885, appellee caused $282 to be deposited with the clerk of the district court to cover the contract price of the property, and interest, where (so far as appears from the record) it still remains. The case was tried by the court on the 8th day of May, 1885, and decree was entered requiring the appellants to make, execute and deliver deeds of conveyance within ten days from the date of the decree. From the decree an appeal was taken to this court. It was admitted upon the trial that appellee had remained, and then was, in possession of the property. It is contended on the part of appellants that the agreement was void for want of consideration

and want of mutuality; and that it, by its terms, expired one year from its date; and that, appellee having failed to make payment within the time, the contract was void from and after its maturity; and that, the property having advanced in value between the time of the expiration of the contract and the bringing of suit, appellants were not bound to convey, etc.

The first error assigned is to the action of the court in levying a fine or penalty of $5 upon appellants upon the overruling a demurrer to the complaint. The provision of the code under which the penalty was assessed has been under consideration, and sustained in *Chivington v. Colorado Springs Co.* 9 Colo. 597, 14 Pac. Rep. 212, and in *Hunt v. Hayt*, 10 Colo. 278, 15 Pac. Rep. 410; consequently the action of the court was not such as to warrant the assignment of error.

By the terms of the contract the money was not to be paid until the expiration of the year. In the meantime appellee was to construct a railroad on the proposed route, and have trains running from the initial point across the property, and to some point beyond. This was by the contract a condition precedent to a right to demand and receive a conveyance upon the payment of $200 and interest, and the only condition precedent. It is not contended that appellee did not enter into the possession of the property, and comply with these requirements, within the designated time. That it did, appears to have been conceded. The objection that the contract was void for want of mutuality and consideration cannot be maintained. By the terms of the contract appellee was to have the possession, and improve the property by the construction of a railroad over it, which was done, and possession retained. It does not come within the rule of *Gordon v. Darnell*, 5 Colo. 302, as supposed by counsel, but is clearly excluded by the following language of the opinion in that case: "The bond was not signed by Lawrence, contains no clause granting him

possession during the option, and no consideration is expressed for the option given." And "until acceptance by the obligee or the performance of some act equivalent to an election to purchase, * * * it is *nudum pactum.* * * * Where a money consideration for the option is expressed, or where the bond to convey requires the purchaser to improve and develop the property, it is a consideration of the option, or in part performance of the conditions of sale; and, these terms having been duly complied with, a totally different case is presented."

Here the constructing and operating a railroad across and beyond the property was a consideration, and a part performance of the conditions, of the sale. It was, on the part of the appellee, an execution of the contract, with the exception of the payment of the money. After the entry and occupation the contract ceased to be an option. The taking and retaining the possession changed it from an option to a mutual contract, executed in part by appellee. This case, in that respect, comes within the decision of *Frue v. Houghton,* 6 Colo. 318. See, also, Fry, Spec. Perf. § 597, and notes; Pom. Spec. Perf. §§ 168, 169, and notes; *Laning v. Cole,* 4 N. J. Eq. 229; *Cutting v. Dana,* 25 N. J. Eq. 265; *Perkins v. Hadsell,* 50 Ill. 216; *Corson v. Mulvany,* 49 Pa. St. 88; *Vassault v. Edwards,* 43 Cal. 458.

The contract, as shown, having been partially executed by appellee, and it is in possession, the neglect or laches in payment of the money cannot prevent appellee from compelling a specific performance. It is a well-settled rule in equity that time is not of the essence of the contract to convey lands, unless made so by direct contract of the parties or necessary implication. That is the general rule where there is no part execution and no change of possession. There is in this contract no stipulation making time of the essence of the contract. In *Miller v. Bear,* 3 Paige, 466, it is said: "It seems to be well established in this country that lapse of time is no objection

to specific performance of a contract to convey land, where the person originally entitled to the conveyance, and those claiming under him, have been in uninterrupted possession of the land." In *Waters v. Travis*, 9 Johns. 450, there was a contract for the sale of land. The vendor was to convey at a time specified, and the vendee, "at the same time," was to secure the purchase money, and the vendee took possession under the contract; but no conveyance was executed, and the purchase money was not paid for fifteen years. It was held that the lapse of time was no objection to a decree for specific performance at the suit of the vendee. In *Edgerton v. Peckham*, 11 Paige, 352, the owner of land made a written agreement to sell the same for one-third down; balance in one and two years; possession to be delivered immediately. The agreement contained a condition that, if the purchaser should make default in either of the payments, the vendor should be discharged and the vendee forfeit the previous payments. The vendee took possession and made improvements; also made two of the payments. The last payment was not made on the day specified. Afterwards the payment was tendered and a deed demanded and refused. Held, that time was not of the essence of the contract, and the complainant was entitled to specific performance.

There are numerous other authorities sustaining the position here taken, particularly *Ewins v. Gordon*, 49 N. H. 444; *Decamp v. Feay*, 5 Serg. & R. 322; *Bridge Co. v. Vreeland*, 4 N. J. Eq. 157; *Seton v. Slade*, 7 Ves. Jr. 265; *Marquis of Hertford v. Boore*, 5 Ves. Jr. 719; *Southcomb v. Bishop of Exeter*, 6 Hare, 212.

There is a wide distinction between the option to take and the performance of the contract. In the first, time is undoubtedly of the essence of the contract, but not in the second. Where an election to take under the option has not been made within the stipulated time, it is doubtful whether specific performance can be decreed. Where

the election has been made, and the vendee is in posses-
sion, it has been frequently held that damages for non-
payment of the price could be compensated by interest
or otherwise in a court of equity, and specific perform-
ance decreed at any time before barred by the statute of
limitations. As to the distinction here made between
the option to take and the performance, see *Smith's Ap-
peal*, 69 Pa. St. 474.

By the terms of the contract it is provided that if ap-
pellee shall, within one year from the date, construct a
railroad and have trains running from the starting point
of said road and beyond said property, "then said first
party shall execute their deeds to second party for said
property, at which time said consideration sum will be-
come due and payable; and said second party then agrees
to pay said sum of $200 to first party, with interest,"
etc. The agreements to execute the deeds and make the
payments were mutual and dependent. The making and
tendering of the deed and payment of money were to be
concurrent acts. No deed was made and tendered by
appellants, nor demand made for the payment of the
money. Where this is the condition, it is a well-settled
rule that as "long as neither party makes any tender of
the deed, on the one hand, or of payment on the other,
neither party is in default, and the contract subsists.
Either party may make the proper tender, and insist
upon specific performance at any time, until barred by a
statute of limitations." 1 Sugd. Vend. 366; *Leaird v.
Smith*, 44 N. Y. 618; *Connelly v. Pierce*, 7 Wend. 129;
*Irvin v. Bleakley*, 67 Pa. St. 24; *Low v. Marshall*, 17 Me.
232; *Peck v. Brighton Co.* 69 Ill. 200; *Parker v. Par-
mele*, 20 Johns. 130; *Huffman v. Hummer*, 18 N. J. Eq.
83; *Welch v. Matthews*, 98 Mass. 131.

Appellants not having executed and tendered a deed
and demanded payment, appellee was not in default so
as to allow a rescission of the contract. From the au-
thorities cited, it is obvious that appellants were in de-

fault from and after the tender of money due from appellee, and demand made for title. These being our views of the case, we do not consider it necessary to discuss the question of tender, nor the exactness of the amount deposited. It is not claimed that the amount was not substantially correct, nor that the sum was too small. If in excess of the amount due, appellants could not complain. The judgment of the district court should be affirmed, and the property conveyed; and appellee should pay the contract price, with interest added to the date of the deposit in court.

RICHMOND, C., concurs.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having tried the case below, did not participate in this decision.