[**No. 3689.**]

## SMITH ET AL. v. BATEMAN ET AL.

CONTRACTS—SPECIFIC PERFORMANCE—CONSIDERATION.

A written agreement to sell land at a specified price within a specified time, on which nothing is paid by the purchasers, and which does not bind them to buy, and where the purchasers do not take possession, nor make any improvements on the property, is without consideration and will not support an action for specific performance. The writing was merely an offer to sell, and could be withdrawn at any time before it was acted upon.

*Error to the Court of Appeals.*

Mr. W. W. COVER, for plaintiffs in error.

Mr. S. A. GRIFFIN, for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The action as instituted in the district court was for the specific performance of the following alleged written contract:

"BOULDER, COLO. June 10, 1890.

"I hereby agree to sell to T. V. Wilson and C. E. Smith my home place, 157 acres, and to give them or their assigns a good title to same in consideration of the sum of $6,000 to be paid as follows: $3,000 cash and balance to be paid in one, two and three years at 8 per cent payable annually. This agreement good for thirty days from date. Possession not to be given until Jany. 1, 1891.

"JAMES M. BATEMAN."

It will be observed that no consideration for the alleged contract is expressed in the writing, nor is there any engagement upon the part of Wilson and Smith to buy, nor did they affix their signatures to the instrument.

VOL. XXV—16

Upon the trial it appeared that no consideration for Bateman's option was given by Smith and Wilson, that they never took possession of the property, or made any improvements thereon, or in any way rendered any compensation to defendant; and before they tendered performance of any of its provisions, by them to be made (which they did within the time limited), Bateman rescinded the option, sold the property to other parties, and notified them of that fact. Upon the conclusion of plaintiff's evidence showing these facts, the trial court dismissed the action. The court of appeals affirmed this judgment, and plaintiffs, by this writ of error, seek to reverse its judgment.

The case comes squarely within the decision in *Gordon v. Darnell*, 5 Colo. 302, the doctrine of which has been recognized and affirmed by this court in *Frue et al. v. Houghton et al.*, 6 Colo. 318, *Robinson C. M. Co. v. Johnson*, 13 Colo. 258, *Byers v. Denver C. R. Co.*, 13 Colo. 552, and *Beulah Marble Co. v. Mattice*, 22 Colo. 547. See, also, *Trayes et al. v. Johns*, 11 Colo. App. 219. While the writing, which might have ripened into a valid contract, remained purely executory, and before any attempt at performance, or payment by Wilson or Smith of the expressed consideration, the offer was withdrawn by Bateman, and then it ceased to have any legal effect whatever.

Upon this review counsel for plaintiffs insists, inasmuch as the statute of frauds was complied with in that the terms of the proposed agreement were reduced to writing, and the same signed by the seller, that the contract became binding upon defendant. We fail to appreciate the force of this argument, and consider as wholly inapplicable the long list of authorities cited by counsel to the proposition that, in form, the writing is a compliance with the statute of frauds. An alleged contract which is in strict compliance with the statute of frauds may, nevertheless, be inoperative. Any contract to be enforceable must be founded upon some sufficient consideration, and confessedly there was no consideration for Bateman's offer to sell. The purchase price named in the writing is not

the consideration for the offer to sell. The instrument is clearly *nudum pactum*. The decision of the court of appeals in 8 Colo. App. 336 is in harmony with the views announced, and in all respects conclusive of the errors assigned.

Its judgment is therefore affirmed.

*Affirmed.*