[No. 5035.]
[No. 2595 C. A.]

## WINCH v. EDMUNDS.

1. **Sales—Real Estate—Consideration.**

   The payment of part of the purchase price under a contract that the amount paid was to be forfeited upon the failure of the purchaser to comply with the terms of the contract was a sufficient consideration to support an action for specific performance of a contract to convey real estate.

2. **Contracts—Sales of Real Estate—Specific Performance—Principal and Agent.**

   In an action to enforce the specific performance of a contract to convey land made by the agent of the owner, evidence that the owner was a nonresident and had listed with his agent for sale all of his real estate in the locality of the land in controversy, giving the selling price of each separate piece; that several sales had been made by the agent and were approved by the owner; that the owner had written numerous letters to his agent commending him for the manner in which he was handling the business and urging him to sell all of his property in the locality; that the agent by contract in writing sold the land in controversy under which the purchaser paid part of the purchase price and entered into possession and made valuable improvements thereon, was sufficient to show that the agent was a general agent of the owner authorized in writing to sell the land and to sustain the action for specific performance.

*Appeal from the District Court of Logan County: Hon. E. E. Armour, Judge.*

Messrs. BROWN & HAYS, for appellant.

Mr. E. M. KELSEY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Action to enforce specific performance of a contract to convey real estate, executed by an agent of the owner of the property.

A trial to the court below, without a jury, resulted in a judgment decreeing specific performance

of the contract, to reverse which this appeal was prosecuted to the court of appeals.

From the admissions in the pleadings and the evidence the following facts are established:

Appellant, a resident of Chicago, Illinois, was the owner of the real estate involved, together with a number of other parcels of real estate at Sterling, Colorado. Henderson, since 1894, acted as his agent in the collection of rents, payment of taxes and insurance, repairs and sales of property. In 1899 Henderson wrote appellant asking him to quote prices upon all his property at Sterling. In response to this appellant wrote Henderson quoting prices upon all property which he owned at Sterling, including the property herein involved, which he listed at $1,200. Henderson, preceding February, 1901, acting as the agent of appellant, sold for him five pieces of property at the list prices, which sales were ratified and confirmed by appellant. February 28, 1901, Henderson, acting as agent of appellant, entered into a contract in writing with appellee which recited the receipt of $500 on account of the purchase price, a description of the property, the price $1,200, balance of which was to be paid within one year from the date of the contract with 8 per cent. interest, deed to be delivered within thirty days from the date of the contract, at which time appellee should pay the balance of the purchase price, $700, or execute a mortgage upon the property to secure the payment thereof with interest at 8 per cent., payable within one year. In the event of the failure of appellee to pay the balance of the purchase price, $700, or execute a mortgage to secure the payment of the same within one year, the $500 paid was to be forfeited as liquidated damages.

Immediately upon the execution of the contract appellee entered into possession of the property,

placed permanent and valuable improvements thereon and up to the time of the trial continued in the possession thereof. March 28, 1901, appellee tendered Henderson the balance of the purchase price, $700, which Henderson declined to receive for the reason, as stated, that appellant had declined to execute the deed, at the same time informing appellee that he believed appellant would yet complete the deal. At the time of the trial the $500 paid by appellee on account of the purchase price of the property had not been returned to him.

The answer denied the execution of the contract by appellant and denied Henderson's authority to execute the same.

It is urged here that the contract is a unilateral contract without consideration, and therefore unenforcible.

With this contention we do not agree.

The contract sets forth the receipt of $500 from appellee, which is a good and sufficient consideration, which sum was to be forfeited upon the failure of appellee to comply with the terms of the contract.

In this respect the contract is clearly distinguishable from the contract under consideration in *Smith v. Bateman,* 8 Colo. App. 336, 25 Colo. 241, and for that reason those cases and the authorities there cited are not in point.

Appellant also insists that authority to a real estate *broker* to sell real estate is only authority to find a purchaser, and does not vest in such broker authority to execute a contract binding on the principal.

Undoubtedly this is the rule as applied to real estate *brokers.* The facts in this case, however, as shown by the evidence and found by the trial court, constituted Henderson the general agent of appellant for the sale and disposal of all his real estate at

Sterling. The evidence upon this point is clear and convincing.

At the trial numerous letters were introduced, written by appellant to Henderson, in which he commended him for the manner in which he was handling his business, urged him to sell and dispose of all his property at Sterling, as he did not intend to return there, and authorized him to act as he thought best.

It abundantly appears from the evidence in the record that Henderson was more than a mere broker to find a purchaser—that he was a general agent authorized by appellant in writing to make the contract which is relied upon in this case.

*Malone v. McCullough,* 15 Colo. 460, and *Speer v. Craig,* 16 Colo. 478, are relied upon by appellant as decisive of this case.

In the Malone-McCullough case the facts as stated in the opinion of the court clearly distinguish it from the case in hand. In addition, the opinion expressly states that whether an "authority to sell" necessarily carries with it the power to do whatever may be necessary to execute a binding contract to convey, is not essential to a decision of the case.

In that case it clearly appeared that the agent or broker was not the general agent of the vendor; that the transaction involved was the only one, so far as the record shows, in which he was engaged; that the vendor, the vendee and the broker were residents of the same city and had offices within a few hundred feet of each other, and that small effort upon the part of the vendee or her attorneys would have furnished definite and reliable information of the measure of the authority of the broker, and that failure to make such inquiry left the plaintiff without equities in her favor.

In the Speer-Craig case the opinion assumes that the brokers were duly directed by the owner to sell the property, and thereby eliminates from that case any question of the authority of the broker to make a binding contract upon the vendor.

In the case at bar the owner of the property was a resident of Chicago; his agent and the vendee were residents of Sterling, Colorado; the agent had acted for his principal in various transactions similar to the one in controversy, all of which had been ratified and confirmed by the principal upon the execution of the contract; the vendee entered into possession of the property and made valuable and permanent improvements thereon; the $500 which had been paid by him on account of the purchase price of the property had not been returned to him.

Under the facts of this case the judgment of the court below was right, and will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.