[No. 6384.]

Stinemeyer et al. v. Chase.

Contract—Consideration—Nudum Pactum — An offer to sell lands at a price specified within a certain time, no consideration being paid, is nudum pactum.

*Error to Garfield District Court*—Hon. John T. Shumate, Judge.

Messrs. Jeffrey & Stinemeyer and Mr. Arthur H. McLain for plaintiffs in error.

Mr. C. W. Darrow for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The material evidence in this case was by correspondence. In January, 1906, the defendant in error (plaintiff below), a real estate agent at Glenwood

Springs, wrote to Samuel C. Stinemeyer, one of the plaintiffs in error (defendant below), at Canon City, in part as follows:

"What is the lowest cash price you will take for Lots 27 and 28 in Block 35, Glenwood."

January 12, 1906, the letter was answered by the defendant, Edwin H. Stinemeyer. The part material to this controversy was as follows:

"Your favor of the 9th instant came duly to hand. My father is away for the winter and located at  *  *·  *   Phœnix, Ariz., and that is the reason that I answer this letter.   *   *   *

"In regard to the price of Lots 27 and 28 in Block 35, I wish to say that I cannot give you any positive price until I hear from my father on that matter, however, I can say that I gave Ikler, the plumber, a price on them last Sep. which was authorized by my father of $650.00. If that price suits, you might communicate with him and see if he will accept it now, but of one thing I am sure that is his bed rock price and will not do business at a lower figure.

"Thanking you for a reply, I wish to remain,"

January 15, 1906, the son received a reply as follows:

"Will you please write your father in regard to the price of the two lots and I will wait until I hear from you."

January 25th the son replied as follows:

"In reply to your favor of the 13th, I wish to state that I wrote my father in regard to the price he held the two lots at, as per your request. And his figures on the two lots, the same being lots 27 and 28 in Block 35, in the town of Glenwood, $650.00. And I wish to say that at this price he does not wish to place them on the market for any length of time. If you can close a deal on them at that figure within the

next 30 days, that price will stand to you, otherwise they are off the market.

"Trusting that you will be able to do business at this figure, and that you will also give me an estimate of what you consider them to be worth, I wish to remain,"

There was no answer to this communication. February 9th following, the lots were sold by a Mr. Graham to Emma Collins for $675.00. Graham, on that date, at Glenwood Springs, telegraphed Edwin H. Stinemeyer as follows: "Lots sold; will write you to-night." Upon receipt of the above telegram the defendant, Edwin H. Stinemeyer, mailed a postal card, bearing date February 9th to Mr. Chase as follows:

"I wish to notify you that lots 27 and 28, Blk. 35 of the town of Glenwood Springs are not on the market and the same are hereby withdrawn from your hands for sale."

February 12th Mr. Chase caused a letter to be mailed, signed by A. L. Chase & Co., as follows:

"I have been pressing a sale of your lots upon a Mrs. Collins of this city. I trust you are not withdrawing them from my hands on account of any correspondence you may have had with her."

February 14th A. L. Chase & Company wrote Edwin H. Stinemeyer claiming Mrs. Collins was their customer, advising they had placed Stinemeyer's letter of record ahead of the deed and also made formal offer of $650.00 net cash for the lots and advised that conveyance be made to A. L. Chase. It is admitted that Edwin H. Stinemeyer had a power of attorney from his father, Samuel C. Stinemeyer, to sell the lots; also that his letters are binding upon both. Judgment was for the plaintiff in the sum of $50.00 against the Stinemeyers, and the action dismissed as to the defendant Collins.

Mr. Chase's contention is that, as a real estate agent (which fact was known to the Stinemeyers), the letter of January 25th gave him an exclusive right of sale for the thirty days therein named, and that on account of its revocation he was damaged to the extent of the judgment, he having made special efforts to dispose of the property and would have done so within the period named. We cannot agree to this contention. There was no request made for an exclusive option to either buy or to be allowed the exclusive right to sell the property for a period of thirty days or any time. There was no consideration for this offer. That portion of the letter relied upon for that purpose, namely, "If you can close a deal on them at that figure within the next 30 days that price will. stand to you, otherwise they are off the market," was entirely voluntary upon the part of the plaintiffs in error. No reply or notice was given of its acceptance, nor any information conveyed to them that Mr. Chase was acting under or relying upon it until after its revocation. By accepting defendant in error's construction of it, its legal effect is that of a continuing offer to sell or the exclusive right to defendant in error, as a real estate agent, to make such sale to some other person for a certain period, which is capable of being converted into a valid contract by a tender of the purchase money, or an acceptance of its terms before the seller withdraws the offer; but if the offer be withdrawn before such election or tender of performance, it ceases to have any legal force whatever. For aught the owner may have known, the real estate agent may have considered the price too high to purchase himself. He might have decided that the price was so out of proportion with that of other property that it would be useless for him to attempt to make a sale, and inasmuch as the owner had an offer of his price through

other parties and not being advised of any acceptance upon behalf of this agent and a sufficient length of time having elapsed within which to make such an election, it was not incumbent upon him to ascertain by further communication (which would cause delay and might lose to him his prospective purchaser), to ascertain whether it was the intention of the party written to accept or reject this voluntary offer contained in his letter of January 25th. According to former decisions of this court this option (if it will bear that construction) was *nudum pactum.—Gordon et al. v. Darnell,* 5 Colo. 302; *Frue et al. v. Houghton et al.* 6 Colo. 318; *The Beulah Marble Co. et al. v. Mattice,* 22 Colo. 547.

We are of the opinion that the court misconstrued the legal effect of the evidence, and in this respect erred. The judgment is reversed and the cause remanded.                                        *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.